IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-624-SLR |
| | ) |
| LINDA HUNTER, HRYCI MEDICAL | ) |
| DEPARTMENT, WARDEN RAPHAEL | ) |
| WILLIAMS, and CORRECTIONAL | ) |
| MEDICAL SYSTEMS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Harry T. Collins, SBI #156625, an inmate at Howard R. Young Correctional Institution ("HRYCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on September 1, 2005 was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claim against defendant HRYCI Medical Department is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.  THE COMPLAINT**

Plaintiff initially filed this complaint against defendants Linda Hunter ("Hunter") and HRYCI Medical Department ("HRYCI Medical"). (D.I. 2) On September 26, 2005 an amended complaint was filed pursuant to Fed. R. Civ. P. 15(a), adding as defendants

Warden Rafael Williams("Williams") and Correctional Medical Services ("CMS"). (D.I. 6)

Plaintiff alleges he has a number of medical conditions (i.e., Hepatitis C, osteoarthritis, gallstones, chronic hip and back pain, mental problems). He alleges that on a number of occasions, the nursing staff, under the direction of Hunter, failed to provide him with proper medical treatment. He also alleges that he has been refused his required medications and has been refused medical treatment.

In his amended complaint, plaintiff alleges that he notified each defendant[1] in an attempt to resolve the matter, but there was no response.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable

---

[1] The defendants named in the amended complaint are Warden Williams, CMS and Hunter.

2

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

The HRYCI is an agency of the State of Delaware and its medical department is named as a defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the HRYCI, including its medical department, is entitled to immunity under the Eleventh

Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Plaintiff's claim against HRYCI Medical has no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, the court finds that the claim raised against HRYCI Medical is frivolous and dismisses it pursuant to 28 U.S.C.§ 1915(e)(2)(B) and § 1915A(b).

## IV. CONCLUSION

NOW THEREFORE, at Wilmington this 5th day of January, 2006, IT IS HEREBY ORDERED that:

1.  Plaintiff's claim against defendants HYRCI Medical Department is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.  The court has identified a cognizable Eighth Amendment medical needs claim against defendants Linda Hunter, Warden Raphael Williams, and Correctional Medical Systems. Plaintiff is allowed to PROCEED with this claim.

IT IS FURTHER ORDERED that:

1.  The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.  Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an

4

original "U.S. Marshal-285" form for **defendants Linda Hunter, Warden Raphael Williams and Correctional Medical Systems** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, plaintiff shall provide the court with one copy of the complaint for service upon each of the defendants. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said

defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without

prejudice, with leave to refile following service. \*\*\*

```
                          _____
                          UNITED STATES DISTRICT JUDGE
```