IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-624-SLR |
| | ) |
| LINDA HUNTER, WARDEN RAPHAEL | ) |
| WILLIAMS, CORRECTIONAL | ) |
| MEDICAL SYSTEMS, MEDICAL | ) |
| DIRECTOR DANA BAKER, | ) |
| CORRECTIONS OFFICER BLUE, | ) |
| DR. DEROSIER, CORRECTIONS | ) |
| OFFICER MANETTI, | ) |
| LT. C/O RYDER, and | ) |
| STAN TAYLOR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Harry T. Collins, an inmate at Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on September 1, 2005 was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) His original complaint was screened by the court on January 6, 2006. Plaintiff was given leave to amend on March 13, 2006. (D.I. 22) Since that time, plaintiff filed an amended complaint, as well as two additional motions to amend. (D.I. 26, 27, 28)

For the reasons discussed below, the claims in the amended complaint (D.I. 26) against defendants Medical Director Dana Baker ("Baker"), Corrections Office Blue ("Blue"), Corrections Officer Manetti ("Manetti"), Lt. C/O Ryder ("Ryder"), and Stan

Taylor ("Taylor") are dismissed as frivolous pursuant to 28
U.S.C. § 1915 and § 1915A. Additionally, the two pending motions
to amend the complaint (D.I. 27, 28) will be denied.

## I.   **THE COMPLAINT**

Plaintiff's original pleadings (D.I. 2, 6) allege deliberate
indifference to a serious medical need in violation of the Eighth
Amendment of the United States Constitution.   The amended
complaint (D.I. 26) adds as defendants Taylor, Dr. Derosier,
Ryder, Baker, Blue, and Manetti.

In the amended complaint plaintiff alleges that he was
"strangled" by Ryder because he would not "fall under his
authority."  He next alleges that he underwent gallbladder
surgery and was told he would have to sleep on the floor.
Plaintiff alleges that Dr. Derosier stated that it was alright
for plaintiff to sleep on the floor, even though plaintiff had "a
bad gallbladder and degenerative arthritis".   (D.I. 26, para. 2)

Plaintiff alleges that following his gallbladder surgery he
returned to HYRCI, and again was told he "would have to sleep on
the floor."  Id. at para. 4.  Plaintiff alleges that he sat in a
chair for almost six hours until a lieutenant arrived who made a
bed available for plaintiff.  Id.  Plaintiff alleges that Blue
and Manetti were on duty at the time.  Plaintiff also alleges
that Dr. Derosier did not give him the pain medication prescribed
following his operation, that Dr. Derosier refused to give

-2-

plaintiff arthritis medication, and would only give him Tylenol.
Id. at paras. 6, 7.

## II. MOTIONS TO AMEND

After filing his amended complaint, in quick succession,
plaintiff filed two motions to amend. (D.I. 27, 28)  The State
defendants filed an opposition to the motions, along with
exhibits containing matters outside the pleadings.  The court
will not consider these exhibits.  The State defendants are
advised that submitting exhibits to the court on matters
contained outside the pleadings are more appropriate at the
summary judgment stage.

"After amending once or after an answer has been filed, the
plaintiff may amend only with leave of the court or the written
consent of the opposing party, but 'leave shall be freely given
when justice so requires.'"  Shane v. Fauver, 213 F.3d 113, 115
(3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  The Third
Circuit has adopted a liberal approach to the amendment of
pleadings to ensure that "a particular claim will be decided on
the merits rather than on technicalities."  Dole v. Arco Chemical
Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).
Amendment, however, is not automatic.  See Dover Steel Co., Inc.
v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D.Pa.
1993).  Leave to amend should be granted absent a showing of
"undue delay, bad faith or dilatory motive on the part of the

-3-

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 226, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

In his first motion to amend, plaintiff seeks to add as a defendant Mrs. Sheldon ("Sheldon"), a nurse for Correctional Medical Services. (D.I. 27)  Plaintiff alleges that Sheldon has insulted him on several occasions by accusing him of not taking his medications. He goes on to state that, on one occasion, Sheldon required plaintiff to remove his false teeth so that she could check to be certain he had taken his medication.

Plaintiff also advises the court he fears for his well being due to an encounter on April 22, 2006, with a Lt. Pettree who allegedly destroyed a diabetic snack plaintiff had in his cell, removed the headphones from his television, and then gave plaintiff a "write-up". In his second motion to amend, plaintiff

-4-

continues his complaints against Lt. Pettree and states that Lt. Pettree changed his mind and gave him a "24 instead." (D.I. 28) Plaintiff also alleges that he was denied religious services due to the "24" and his headphones were not returned.

Both motions are denied. The allegations plaintiff seeks to bring against Sheldon do not rise to the level of a constitutional violation. Verbal abuse and harassment does not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F.Supp. 383, 384 (E.D.Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

As to the remaining allegations plaintiff would like to add to the complaint, these proposed changes pertain to a different time frame than his original complaint, add a new defendant, and contain new allegations totally distinct from the original deliberate indifference to a serious medical needs claim. Plaintiff's avenue of relief for these new allegations is to file a separate complaint. Based upon the foregoing, the motions to amend (D.I. 27, 28) are denied.

## III. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a

prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**IV. ANALYSIS**

**A. Deficient Pleading**

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights

-6-

violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In the amended complaint, plaintiff alleges that he was strangled by Ryder. He does not provide the time and place where this conduct allegedly took place. Even liberally construing the complaint, the claim against Ryder does not meet the Third Circuit's standard for a legally adequate civil rights complaint.

As to defendants Baker and Manetti, the claims against them do not rise to the level of a constitutional violation. Plaintiff alleges that Baker and Manetti were on duty at the time plaintiff waited in a chair for six hours until a bed was made available by a lieutenant. There are no allegations that the alleged actions of Baker and Manetti deprived plaintiff of a federal right. Like the claim against Ryder, the claims against Baker and Manetti do not meet the standard for a legally adequate civil rights complaint.

Accordingly, the claims brought against Ryder, Baker, and Manetti lack an arguable basis in law or in fact, and are

-7-

dismissed without prejudice as frivolous pursuant to 28 U.S.C. §
1915(e)(2)(B) and § 1915A(b)(1).

## B.    Personal Involvement

"A defendant in a civil rights action must have personal
involvement in the alleged wrongs" to be liable. Sutton v.
Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v.
Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff
names as defendants Medical Director Dana Baker and Stan Taylor.
The amended complaint, however, contains no allegations against
these defendants, and plaintiff provided no facts to support a
claim against them. As a result, the claims against Baker and
Taylor lack an arguable basis in law or in fact, and are
dismissed without prejudice as frivolous pursuant to 28 U.S.C. §
1915(e)(2)(B) and § 1915A(b)(1).

## V.    USM-285 FORMS

Plaintiff provided the court with USM-285 forms for service
upon the newly added defendants. Plaintiff is advised that USM-
285 forms must contain the address where plaintiff currently
resides. The court's docket sheet indicates that plaintiff
remains incarcerated in HRYCI, yet the USM-285 forms contain an
address for plaintiff at a private residence in Wilmington,
Delaware. Plaintiff has made mention in court filings that he
will soon be released, but until that event occurs, plaintiff's
address of record is at the institution where he is housed.

-8-

Accordingly, plaintiff shall provide the court new USM-285 forms with his correct, current address.

**VI.  CONCLUSION**

NOW THEREFORE, at Wilmington this 7‌th day of June, 2006, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to amend the complaint (D.I. 27, 28) are DENIED.

2.  The claims against defendants Medical Director Dana Baker ("Baker"), Corrections Office Blue ("Blue"), Corrections Officer Manetti ("Manetti"), Lt. C/O Ryder ("Ryder"), and Stan Taylor ("Taylor") are DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3.  The court has identified a cognizable Eighth Amendment medical needs claim against defendant Dr. Derosier.  Plaintiff is allowed to PROCEED with this claim.

IT IS FURTHER ORDERED that:

1.  The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.  Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **additional defendant Dr. Derosier** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c).  **Additionally,**

-9-

**plaintiff shall provide the court with one copy of the complaint
(D.I. 2) and the two amended complaints (D.I. 6, 26) for service
upon the additional defendant and the attorney general.
Plaintiff is notified that the United States Marshal will not
serve the amended complaint until all "U.S. Marshal 285" forms,
with plaintiff's correct address, have been received by the clerk
of the court.  Failure to provide the "U.S. Marshal 285" forms
for the additional defendant and the attorney general within 120
days from the date of this order may result in the complaint
being dismissed or defendant being dismissed pursuant to Federal
Rule of Civil Procedure 4(m).**

3.  Upon receipt of the forms required by paragraph 2 above,
the United States Marshal shall forthwith serve a copy of the
complaint (D.I. 2) and the two amended complaints (D.I. 6, 26),
this order, a "Notice of Lawsuit" form, the filing fee order(s),
and a "Return of Waiver" form upon the defendant(s) identified in
the 285 forms.

4.  Within **thirty (30) days** from the date that the "Notice
of Lawsuit" and "Return of Waiver" forms are sent, if an executed
"Waiver of Service of Summons" form has not been received from a
defendant, the United States Marshal shall personally serve said
defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said
defendant(s) shall be required to bear the cost related to such

-10-

service, unless good cause is shown for failure to sign and
return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who,
before being served with process timely returns a waiver as
requested, is required to answer or otherwise respond to the
complaint within **sixty (60) days** from the date upon which the
complaint, this order, the "Notice of Lawsuit" form, and the
"Return of Waiver" form are sent. If a defendant responds by way
of a motion, said motion shall be accompanied by a brief or a
memorandum of points and authorities and any supporting
affidavits.

6. No communication, including pleadings, briefs, statement
of position, etc., will be considered by the court in this civil
action unless the documents reflect proof of service upon the
parties or their counsel.

7. **NOTE: \*\*\*** When an amended complaint is filed prior to
service, the court will **VACATE** all previous service orders
entered, and service **will not take place**. An amended complaint
filed prior to service shall be subject to re-screening pursuant
to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

8. **NOTE: \*\*\*** Discovery motions and motions for appointment
of counsel filed prior to service will be dismissed without

prejudice, with leave to refile following service. **\*\*\***

UNITED STATES DISTRICT JUDGE