# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

HARRY T. COLLINS,      )
        )
    Plaintiff,    )
        )
    v.       )    C.A. No. 05-624-SLR
        )
LINDA HUNTER, WARDEN RAPHAEL,  )
WILLIAMS AND CORRECTIONAL    )
MEDICAL SYSTEMS.    )
        )
        )
    Defendants.    )

## STATE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW State defendant Raphael Williams, by and through the undersigned counsel, and hereby opposes Plaintiff's motion for preliminary injunction. In support of his position, State defendant represents as follows:

1.    Harry T. Collins ("plaintiff") is an inmate under the supervision of the Delaware Department of Correction ("DOC") and is presently incarcerated at the Sussex Community Corrections Center ("SCCC") Georgetown, Delaware.

2.    On or about August 24, 2005, plaintiff filed a Complaint pursuant to 42 U.S.C. §1983, with leave to proceed *in forma pauperis* against the Department of Correction medical provider, Correctional Medical Systems ("CMS") alleging Eighth Amendment violations against cruel and unusual punishment.(D.I.# 2).  On or about September 26, 2005, Plaintiff amended his complaint to include Howard R. Young Correctional Institution's ("HRYCI") Warden Raphael Williams as a Defendant.

(D.I.#6). Plaintiff's allegations against Defendant Williams appear to be based upon the Eighth Amendment, under which states have a duty to provide "adequate medical care to those it is punishing by incarceration." *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1978). On or about April 6, 2006, Defendant Williams filed a Memorandum of Points and Authorities in Support of his Motion to Dismiss/Summary Judgment pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

3.      On or about June 12, 2006, Plaintiff filed a letter with the Court requesting the Court "to stop defendants' retaliatory conduct as a result of the filing of this lawsuit." The Court has construed Plaintiff's motion as one for injunctive relief. (D.I.#35). This is Defendant Williams opposition to plaintiff's motion for a preliminary injunction.

4.      Plaintiff's allegations of retaliation are without merit. A prisoner alleging violations of his Constitutional rights due to retaliation against him must demonstrate: (1) "the conduct which led to the alleged retaliation was constitutionally protected:" (2) "he suffered some 'adverse action' at the hands of the prison officials:" and (3) a causal link between the exercise of the constitutional right and the adverse action. *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001)(citations omitted). Plaintiff alleges that he is being retaliated against by being denied medical access at CVOP due to his current lawsuit against DOC personnel. Plaintiff does not provide any factual predicate which would state a cognizable claim for the relief requested.

It really appears Plaintiff's retaliation claims are based on alleged mistreatment he received at the SVOP for failure to obey an order, not for filing a lawsuit. Nor has the Plaintiff suffered any adverse action on the part of prison officials. Prison regulations call for a more restrictive setting for inmates with disciplinary problems. Subsequently,

the Plaintiff was transferred to a holding cell for disobeying an order. Prison regulations which limit inmates' access and activity are constitutional if the regulation is reasonably related to a legitimate penological interest. *Turner v. Safley,* 482 U.S. 78, 79 (1987). Moreover, Plaintiff has failed to demonstrate a causal link between the exercise of the constitutional right and the adverse action. As previously stated, any alleged adverse action suffered by the Plaintiff was due to his own behavior for failing to obey an order, not because of his current lawsuit against a DOC defendant.

5.    "A party seeking a preliminary injunction has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) irreparable harm caused by denial of the requested relief; . . . (3) that issuance of the injunction will not result in greater harm to the non-moving party"; and (4) that the injunction will be in the public interest. *See Pappan Enterprises, Inc., v. Hardee's Food Systems, Inc.,* 143 F.3d 800, 803 (3d Cir. 1998) (citations omitted). The moving party must provide evidence sufficient to meet all four factors. *American Tel. & Tel Co., v. Winback & Conserve Program, Inc.,* 62 F.3d 1421, 1427 (3d Cir. 1997). The "requisite feared injury or harm must be irreparable-- not merely serious or substantial" and " it must be of a peculiar nature, so that compensation in money cannot atone for it." *Glasco v. Hills*, 558 F. 2d 179, 181 (3d Cir. 1977). Additionally, the threat of harm must be immediate. Fed.R.Civ.P.65(b).

6.    Plaintiff's motion presents nothing more than non-specific, unintelligible, conclusory allegations; fails to state a causal nexus between Defendant Williams and the actions alleged and fails to claim any irreparable injury. According to Plaintiff, upon his arrival at CVOP he was asked by a CVOP Captain to "sign off on all medical grievances from Gander Hill." Having allegedly told the Captain that he couldn't do that, "strange

things started to happen." First, Plaintiff claims that he was denied access to see a Doctor at the CVOP allegedly in "retaliation for filing his current law suite." [sic]. Next, Plaintiff relates a convoluted story of allegedly getting hit by an inmate resulting in the Plaintiff being moved to another pod where he was allegedly threatened by several inmates. These latter allegations have nothing to do with Plaintiff's allegations of retaliation on the part of the Defendant; and therefore, further discussion is not warranted.

7.     Plaintiff provides no evidence to support the likelihood of success on the merits of this claim. Plaintiff alleges that he was denied medical access due to his current lawsuit but provides no dates or names of the alleged DOC personnel involved in alleged Constitutional violations. Plaintiff makes no mention that he followed proper procedure in filing sick call slips the first step in getting medical assistance. Moreover, if Plaintiff did file sick call slips he fails to state if any of his requests were denied. There is nothing to support Plaintiff's allegations that he was refused access to a Doctor nor is there any nexus between the alleged denial of medical access and his current lawsuit  The Plaintiff therefore, has failed to demonstrate that he is likely to succeed on the merits of this case.

The Plaintiff is also unable to meet the burden of the second factor; irreparable harm if relief is not granted. It is not clear what harm Plaintiff is alleging he suffered. Any alleged harm suffered by the Plaintiff was self inflicted due to his behavior, and not to Defendant's actions.

Plaintiff has not met his burden to show how granting the requested relief will not create a greater harm to Defendant, nor has he demonstrated how granting him the requested relief is in the public interest. Prison regulations are related to a legitimate penological interest, and thus favor the public interest. Plaintiff's requested relief favors

him alone and not the public interest. Plaintiff has failed to provide anything more than allegations in support of his request for injunctive relief. Without more, this extraordinary remedy cannot be granted.

8.    It is unclear from Plaintiff's motion whether he is alleging that his transfer from Gander Hill to SVOP is unconstitutional or his transfer from within SVOP from one unit to a more restrictive unit is unconstitutional. another unit.  The transfer of a prisoner however, from one institution to another or from one classification to another has been found to be unprotected by the Due Process Clause in and of itself, "even though the change in status involves a significant modification in conditions of confinement." *Hewitt v. Helms,* 459 U.S. 460, 468 (1983).  An inmate can be classified or transferred for any reason, or no reason at all, so long as the decision is not based on "constitutionally impermissible criteria such as race, religion, or the exercise of free speech rights." *Block v. Potter*, 631 F. 2d 233, 237 (3d Cir. 1980) (holding that a plaintiff's transfer from the general population to administrative segregation, without being given notice and the opportunity to challenge the transfer, was not a violation of plaintiff's liberty interest) *Brown v. Cunningham,* 730 F. supp. 612 (D.Del. 1990). In relation to an incarcerated individual's liberty interests, the Supreme Court has held that such liberty interests are limited to "freedom from restraint" which imposes an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). The allegations described by Plaintiff in his motion for preliminary injunction are not the type that pose an "atypical and significant hardship." *Id.* at 483-84.  Plaintiff has provided no facts, nor has he provided a scintilla of evidence that his moves within the DOC impose an atypical hardship.

WHEREFORE, for the hereinabove reasons, Defendant requests the present motion be dismissed as Plaintiff has not established that he has met the criteria for injunctive relief.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


/s/ Lisa Barchi
Lisa Barchi  #3927
Deputy Attorney General
820 N.  French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

DATE:  August 17, 2006

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY T. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-624-SLR |
| | ) | |
| LINDA HUNTER, WARDEN RAPHAEL, | ) | |
| WILLIAMS AND CORRECTIONAL | ) | |
| MEDICAL SYSTEMS. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**IT IS SO ORDERED** this _____ day of _____, 200__, that Plaintiff=s motion for a Preliminary Injunction is hereby **DENIED.**

_____
Judge Sue L. Robinson

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2006 I electronically filed *Defendant's Motion in Opposition to Plaintiff's Motion for Preliminary Injunction* with the Clerk of Court using CM/ECF.  I hereby certify that on August 18, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:


Harry T. Collins
SBI# 156625
Sussex Community Corrections Center
23207 DuPont Blvd.,
Georgetown, De  19947


**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us