IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY T. COLLINS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civ No.:  05-624-SLR |
| | : | |
| LINDA HUNTER, WARDEN RAPHAEL WILLIAMS and CORRECTIONAL MEDICAL SYSTEMS, | : | |
| | : | |
| | : | |
| | : | JURY OF 12 DEMANDED |
| Defendants | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND CROSS-MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO DISMISS PLAINTIFF'S COMPLAINT**

Statement Of Facts And Procedural Posture

Plaintiff-prisoner, Harry T. Collins, was incarcerated in the Herbert R. Young Correctional Institute when he filed a Complaint in this matter on August 24, 2005 pursuant to 42 U.S.C. § 1983.[1]  D.I. 2.  Plaintiff has since been transferred to Sussex Community Correctional Center (hereinafter "SCCC"), Georgetown, Delaware on or about May 31, 2006.  Named as a Defendant is Correctional Medical Services, Inc. (incorrectly named "Correctional Medical Systems").  D.I. 2.  Correctional Medical Services, Inc. ("CMS") is a private corporation that provides medical care to Delaware inmates.

---

[1] 42 U.S.C. § 1983 reads, in part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress.

The prisoner alleges ailments including Hepatitis C, arthritis and back and hip pain. D.I. 2. He further alleges that he has not received required medications, has not been allowed to see a doctor instead of a nurse, was mistreated and verbally abused, denied a pass for a bottom bunk and an egg crate foam mattress, has not been allowed to fully explain his condition, and was charged for being seen at the infirmary and receiving medications. D.I. 2. Plaintiff did not specify which medications he was denied.

The Court received an emergent request for a preliminary injunction from plaintiff on June 12, 2006. D.I. 35. In its Order, D.I. 38, the Court directed Defendants to file a response to the request for an injunction regarding the retaliatory conduct as a result of the filing of the August 24, 2005 law suit. This is the Response of Defendant, CMS, in Opposition to Plaintiff's Motion for Injunctive Relief and Cross-Motion of Defendant, CMS, to Dismiss Plaintiff's Complaint.

A.   STANDARD OF REVIEW

"The grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"[2] The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge.[3]

A plaintiff moving for injunctive relief must demonstrate: i) the likelihood of success on the merits; ii) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; iii) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and iv) the public interest will not be adversely affected by the granting of relief.[4] An injunction should only issue if all four factors favor relief.[5]

---

[2] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)(*quoting Frank's GMC Truck Ctr., Inc. v. Gen'l Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).
[3] *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.* 630 F.2d 120, 136 (3d Cir. 1978).
[4] *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995).

The prisoner must demonstrate a likelihood of success on the merits of his claims based upon an alleged Eighth Amendment violation for failure to provide adequate medical treatment to a prisoner. However, an act of a prison official only becomes such a constitutional violation when it results from the "deliberate indifference to a prisoner's serious illness or injury."[6] Thus, *Estelle* requires Plaintiff to satisfy a two-prong test in order to impose liability under § 1983: i) deliberate indifference on the part of prison officials; and ii) the prisoner's medical needs must be serious.[7] However, the *Estelle* Court has also clarified the standard in that:

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, *a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.* In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.[8]

The "deliberate indifference" prong from *Estelle* is satisfied when the plaintiff alleges that the defendant acted to deny an inmate's reasonable request for medical treatment subjecting the prisoner to undue suffering or if medical treatment is delayed for non-medical reasons.[9] The acts complained of must be accompanied by a "reckless disregard" of or "actual intent" to disregard a serious medical condition.[10] Thus, a defendant's conduct does not constitute a "deliberate indifference" unless it is alleged to occur in conjunction with the requisite mental state. A prisoner's medical need is sufficiently serious if diagnosed by a physician as requiring treatment or so obvious that a lay person would easily recognize the necessity of a physician's

---

[5] *See S & R Corp. v. Jiffy Lube Internat'l, Inc.,* 968 F.2d 371, 374 (3d Cir. 1992).
[6] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).
[7] *Id.*
[8] *Id.* at 105-06 (citations omitted)(emphasis supplied).
[9] *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987).
[10] *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

attention.[11]  Furthermore, "'*where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.*'"[12]  A mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eight Amendment and § 1983.[13]

Not only must plaintiff demonstrate a likelihood of success on the merits, he must also make a showing that, in the absence of an injunction, the prisoner will suffer irreparable harm.[14]

B.   ARGUMENTS

1. THE PRISONER IS NOT ENTITLED TO INJUNCTIVE RELIEF SINCE IT IS UNLIKELY HE WILL SUCCEED ON THE MERITS OF THIS ACTION AND THE PRISONER WILL NOT SUFFER IRREPARABLE HARM IN THE ABSENCE OF AN INJUNCTION

Plaintiff-prisoner filed this civil rights Complaint pursuant to the Eighth Amendment and 42 U.S.C. § 1983.  Plaintiff alleges that he has not been seen by a doctor while incarcerated at SCCC.[15]  It is unlikely that the prisoner will succeed on the merits of this action, since the prisoner has been treated by a doctor on at least three occasions since being transferred to SCCC.

The prisoner filed the Complaint on August 24, 2005.  He then filed an emergent Motion for injunctive relief on June 12, 2006 alleging that doctors at SCCC have refused to see him because of his current law suit.  This is factually incorrect.  Plaintiff has received the following treatment:

(1)   On August 18, 2005, an abdominal ultrasound study was performed and on June 8, 2006, Plaintiff's left hand and thumb were x-rayed.  Attached as Exhibit "1".

---

[11] *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981).
[12] *Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) . *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3rd Cir. 1979) ("Courts will 'disavow any attempts to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.'")(emphasis supplied).
[13] *Id.*
[14] *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).
[15] For the purposes of this Motion, Defendant concedes that plaintiff may satisfy the "serious" medical condition requirement of *Estelle* with regard to his need for medications.

(2) August 11, 2005, treated by physician for complaints of abdominal and right elbow pain. Attached as Exhibit "2".

(3) June 19, 2005 through August 3, 2006, Plaintiff received treatment consisting of approximately 24 visits. On May 27, 2006, Plaintiff presented with complaints of decreased sugar level and upon being notified that his sugar level was 107, he left. Also on May 28, 2006, Plaintiff was provided treatment after getting into a fight with another inmate. From January 18, 2006 through January 23, 2006, Plaintiff was monitored daily following a laparoscopic cholecystectomy. Attached as Exhibit "3".

(4) August 14, 2005 through June 22, 2006, Plaintiff received prescriptions for medications, including Zantac, Atenolol, Naprosyn, Motrin, Seroquel, Tylenol, Darvocet, Sinequan, Benadryl and others for various ailments as evidenced in the Physician Order forms attached as Exhibit "4". In fact, medications were prescribed on June 7 and 8 of 2006, less than one week before Plaintiff filed the Motion for Injunctive Relief.

(5) June 3, 2006 through June 13, 2006, Plaintiff's blood pressure was monitored daily. In addition, as was previously mentioned above, he was monitored daily from January 16, 2006 through January 22, 2006. Attached as Exhibit "5".

(6) March 24, 2006 through July 19, 2006, Plaintiff received treatment from Mental Health on eleven (11) occasions, including visits with psychiatrists on July 19, 2006, June 7, 2006 and May 16, 2006. Attached as Exhibit "6".

In addition to the above treatment, Plaintiff refused treatment on June 21, 2005, November 10, 2005 and on ten (10) occasions between February 14, 2006 and August 9, 2006. Refusal of Procedure and/or Treatment forms are attached as Exhibit "7".

Furthermore, of the above treatment, since being transferred to SCCC on or about May 31, 2006, Plaintiff was treated by doctors on June 8, 9 and 22, 2006. This is in addition to visits with other health care professionals, including mental health on June 7, 15, 30 and July 11 and 19, 2006. Lastly, Plaintiff has refused treatment on eight (8) occasions since being transferred to SCCC. He refused: fasting and random blood sugar tests on June 6, 2006; fasting and random sugar tests on June 7, 2006; fasting blood sugar test on June 8, 2006; random blood sugar test on June 20, 2006; random blood sugar test on June 21, 2006; random blood sugar test on June 22, 2006; nurse sick call appointment on June 27, 2006; and taking of vital signs on August 9, 2006.

Plaintiff can make no showing that in the absence of an injunction, the prisoner will suffer irreparable harm. He will not succeed on the merits of this action. The prisoner has received treatment from a doctor, contrary to his allegations that doctors have refused to treat him because of this lawsuit. In fact, he was examined by a doctor on: August 11, 2005; August 14, 2005; August 18, 2005; January 18, 2006; January 23, 2006; February 1, 2006; February 18, 2006; March 24, 2006; underwent a laparoscopic cholecystectomy in January of 2006 which was performed by a doctor; and was examined on: June 8, 2006; June 9, 2006; and June 22, 2006 since being transferred to SCCC. In addition, he received Mental Health treatment on eleven occasions over a four month period, from March 24, 2006 through July 18, 2006, including three visits with a psychiatrist. According to the medical records, his medications have been administered. Plaintiff has clearly received more than "some care" as required by *Norris*. Plaintiff wants to treat with a doctor and not a nurse. Although he has received treatment from doctors, this is not sufficient for Plaintiff. Plaintiff has a difference of opinion with the doctors

---

regarding the course of his treatment. A mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eighth Amendment and § 1983.[16]

It is clear that the inmate can not demonstrate irreparable harm in the absence of an injunction.

    2.    PLAINTIFFS COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 12 (b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's claims lack an arguable legal basis and should be dismissed with prejudice. A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.[17] Furthermore, even a *pro se* litigant must plead sufficient facts to sustain a legal claim.[18] A motion to dismiss for failure to state a claim upon which relief can be granted should be granted in the event that it is "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[19]

In order to be liable in a civil rights action, a defendant must have personal involvement in the alleged wrongs.[20] "Personal involvement" may be demonstrated through "allegations of personal direction or of actual knowledge and acquiescence." These allegations, however, must be made with appropriate particularity.[21]

Liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be

---

[16] *Norris*, 585 F.2d 1183, 1186.
[17] Federal Rule of Civil Procedure 12(b)(6).
[18] *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).
[19] *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).
[20] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (1988)(citations omitted).
[21] *Id.*

specifically alleged.[22]  To state a claim for relief for supervisory liability, plaintiff must allege facts indicating that the defendant either:  i)  personally participated in the alleged deprivation of constitutional rights; ii)   knew of the violations and failed to prevent them; or iii)  promulgated or "implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[23]

CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to Plaintiff's serious medical needs.[24] Plaintiff has failed to allege any unconstitutional policy or custom against CMS, nor has he alleged that the execution of such policy or custom caused the constitutional tort at issue. To the extent that Plaintiff names CMS as a defendant based on the activities of its employees, *respondeat superior* is not a viable theory of liability under 42 U.S.C. § 1983.[25] Because the plaintiff has failed to state a claim against it, CMS' Motion to Dismiss should be granted.

To the extent that Plaintiff states a claim against CMS, any contentions of "deliberate indifference to a serious medical need" lack factual support.  Plaintiff alleges that he has not received required medications and has not been allowed to see a physician.  D.I. 2 at IV.  Prison authorities should be afforded considerable latitude in the diagnosis and treatment of prisoners.[26] As has been previously set forth, Plaintiff has received copious treatment from June 19, 2005 through August 3, 2006, including visits with physicians, mental health professionals and psychiatrists who, some or all, prescribed medication for Plaintiff's various ailments.

---

[22] *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).
[23] *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989)(internal citations omitted).
[24] *Miller v. Correctional Medical Systems, Inc.*, 802 F. Supp. 1126 (D. Del. 1992), *citing Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).
[25] *Id.*
[26] *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

Plaintiff alleges in his Complaint that he has been refused his arthritis medication and has been prescribed Darvocet instead of Tylenol or Percocet.  However, in fact, a review of the Medication Administration Records, attached as Exhibit "8", reveals that Plaintiff was prescribed Tylenol from January 23, 2006 through March 23, 2006 which was renewed from March 24, 2006 through May 24, 2006.  He was then prescribed Motrin from May 28, 2006 through May 30, 2006.  Plaintiff was prescribed medication.  However, he has a difference of opinion regarding the medication he was prescribed.  This does not evidence "deliberate indifference" by CMS.

### C. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Injunctive Relief should be denied, and all claims against, Defendant, CMS, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Accordingly, Defendant, CMS, requests that the Court deny the inmate's request for injunctive relief and grant the Motion to Dismiss filed contemporaneously herewith.

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:   /s/ Kevin J. Connors
        KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
        1220 N. Market Street, 5th Floor
        P.O. Box 130
        Wilmington, DE  19899-0130
        (302) 552-4302
        Attorney for Defendant, Correctional Medical Services, Inc.

Dated: August 18, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\368010\ESTHOMPSON\13252\00168

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date I electronically filed the Memorandum of Points and Authorities in Support of the Response of Defendant, Correctional Medical Services, Inc., in Opposition to Plaintiff's Motion for Injunctive Relief and Cross-Motion of Defendant, Correctional Medical Services, Inc., to Dismiss Plaintiff's Complaint with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Lisa Ann Barchi, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

I hereby certify that on this date I have mailed by United States Postal Service, the Memorandum of Points and Authorities in Support of the Response of Defendant, Correctional Medical Services, Inc., in Opposition to Plaintiff's Motion for Injunctive Relief and Cross-Motion of Defendant, Correctional Medical Services, Inc., to Dismiss Plaintiff's Complaint to the following non-registered participant:

Harry T. Collins
SBI# 156625
Sussex Community Correction Center
23207 Dupont Road
Georgetown, DE 19947

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN AND GOGGIN

                        BY:    /s/ Kevin J. Connors
                                KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
                                1220 N. Market Street, 5th Floor
                                P.O. Box 130
                                Wilmington, DE 19899-0130
                                (302) 552-4302
                                Attorney for Defendant, Correctional Medical Services, Inc.

Dated: August 18, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\368010\ESTHOMPSON\13252\00168