IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-624-SLR |
| | ) |
| LINDA HUNTER, WARDEN RAPHAEL, | ) |
| WILLIAMS AND CORRECTIONAL | ) |
| MEDICAL SYSTEMS. | ) |
| | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANT'S REPLY BRIEF IN**
**SUPPORT OF HIS MOTION TO DISMISS/ SUMMARY JUDGMENT**

**COMES NOW** State Defendant Raphael Williams, by and through undersigned counsel and hereby replies to Plaintiff's Answering Brief. In support of this motion, State defendant offers the following:

1.   Harry T. Collins ("plaintiff") is an inmate under the supervision of the Delaware Department of Correction ("DOC") and is presently incarcerated at the Sussex Community Corrections Center ("SCCC") Georgetown, Delaware.

2.   On or about August 24, 2005, plaintiff filed a Complaint pursuant to 42 U.S.C. §1983, with leave to proceed *in forma pauperis* against the Department of Correction medical provider, Correctional Medical Systems ("CMS") alleging Eighth Amendment violations against cruel and unusual punishment.(D.I.# 2).  On or about September 26, 2005, Plaintiff amended his complaint to include Howard R. Young Correctional Institution's ("HRYCI") Warden Raphael Williams as a Defendant. (D.I.#6).  Plaintiff's allegations against Defendant Williams appear to be based upon the Eighth Amendment, under which states have a

duty to provide "adequate medical care to those it is punishing by incarceration." *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1978). On or about April 6, 2006, State defendant Williams filed a Memorandum of Points and Authorities in Support of his Motion to Dismiss/Summary Judgment pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

3.  On or about May 8, 2006, Plaintiff filed a letter to the Court which has been construed as an Answering Brief. (D.I.#30). Plaintiff was notified by the Clerk of Court of a deficiency in his answer. (D.I. 31). State defendant notified the Clerk of Court that he will file a reply when Plaintiff has corrected the deficiency. (D.I. 33). As of this date Plaintiff has not corrected the deficiency. This is State defendant's Reply Brief.

4.  On or about June 12, 2006, Plaintiff filed a letter with the Court alleging retaliation on the part of the Defendants. (D.I.#35). The Court construed Plaintiff's letter as a motion for injunctive relief. *Id.* State defendant filed a response to Plaintiff's motion on or about August 18, 2006. (D.I. #44).

5.  Plaintiff does not state a claim for which relief can be granted in either his complaint or his answer. In a lawsuit filed pursuant to 42 *U.S.C.* §1983 the complaint must state the actions, time, place and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3rd Cir. 2005). Further, dismissal of a complaint for failure to state a claim upon which relief can be granted is proper only if, "taking as true all the allegations in the complaint and drawing the inferences most favorable to the plaintiffs, it appeared beyond doubt that plaintiffs were entitled to no relief." *Gray v. Creamer*, 465 F.2d. 179, 182 (3d Cir. 1972), *citing Haines v. Kerner*, 404 U.S. 519 (1972). According to Fed. R. Civ. P. 12(b)(6), if, on a motion to dismiss......matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

Therefore, the standard applicable to the present motion is whether specific facts exist showing that there is a genuine issue for trial. *Celotex Corp., v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). More specifically, Fed. R. Civ. P. 56(c) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Even by the lenient pleading standard for *pro se* litigants, Plaintiff's answer fails to show that there is a genuine issue for trial. In his answer Plaintiff's sole reference to Warden Williams consists of one vague statement about unnamed staff: "medical and wardens [sic] *staff* is negligent in a lot of matters when it comes to my health issues." (D.I. 30 at 1)(emphasis added). Plaintiff does not provide any factual predicate for his claims that Warden Williams personally violated his civil rights. Plaintiff makes no attempt to describe when, where and in what manner Warden Williams interfered with his health care. Plaintiff was provided with a copy of State defendant' motion to dismiss and the exhibits. In that motion State defendant provides evidence pertinent to Plaintiff's allegations. In his motion State defendant also provides legal precedent to support his defense. Rather than review and refute the legal arguments and the evidence, in his answer Plaintiff relies on vague, bald allegations bereft of any factual basis. Plaintiff's answer sheds no light on how Warden Williams violated the Eighth Amendment with regard to Plaintiff's health care needs. Because Plaintiff continues to provide nothing more illuminating than vague allegations, he has not met his burden to show that there is a genuine issue for trial. Therefore, summary judgment for the State defendant is appropriate.

6.    In his Answering Brief, Plaintiff continues to allege that he did not receive medication for his arthritis; however, a few sentences later he states that he did receive medication for his arthritis albeit four months later. State defendant provided evidence in his dispositive motion that even though the Plaintiff was given pain medication for his arthritis, the Plaintiff only took it on occasion. (D.I. #24 Ex. D). The Plaintiff further alleges that medication prescribed by the medical provider for his arthritis was not appropriate due to his hepatitis C and he feared incurring further liver damage. Lastly, Plaintiff alleges that he "suffered undo hardship with no pain medication because he had a bad gall bladder and it wasn't concidered [sic] to be of any priority….."

7.    Plaintiff claims that he either did not receive care or he disagreed with the medical and prescribing decisions of the medical providers. Plaintiff's rather large medical file, part of which was filed with State defendant's Motion to Dismiss/Summary Judgment Motion, (D.I.#24) contravenes Plaintiff's allegations that he has not received medical treatment for his numerous ailments. As previously stated, the DOC has contracted with a medical provider, Correctional Medical Systems ("CMS"), to provide health care services for the inmates. Inmates are treated by medically trained personnel, not DOC employees, who use their professional judgment in diagnosing and treating the medical needs of inmates. The non-medical prison officials are not deliberately indifferent when they ensure that inmates have access to medical care. *Williams v. First Correctional Medical*, 377 F. Supp. 2d473, 476 (D. Del. 2005). Plaintiff has failed to show how Warden Williams was deliberately indifferent to any of his medical needs. Contrary to Plaintiff's bald allegations, the medical records show that Plaintiff had access to medical care and medication for his illnesses.

8.      Plaintiff's disagreement with the medical providers' treatment decisions does not state a claim of deliberate indifference by Warden Williams. A mere difference of opinion between an inmate and the medical personnel at the prison regarding the need for treatment, the preferred course of treatment, the severity of the inmate's condition, or other medical judgments do not constitute a showing of deliberate indifference. *White v. Napoleon*, 897 F 2d 103, 110 (3d Cir.1990). Plaintiff has failed to provide any factual predicate to sustain a claim that Warden Williams disregarded an excessive risk to his health and safety in violation of the Eighth Amendment. Accordingly, Plaintiff's claims of deliberate indifference on the part of the State defendant are insufficient making dismissal at this time appropriate.

9.      The Plaintiff alleges negligence in his answer, stating "the truth of the matter is medical and warden's staff is negligent in a lot of matters when it comes to my health issues." (D.I. #30). Negligence is not a basis for liability under Section 1983, as it does not meet the standard of deliberate indifference. "More is needed than a naked averment that a tort was committed under color of state law." *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987). When some care has been provided, questions as to the adequacy or propriety of the care will not support an Eighth Amendment claim. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993). Further, a claim of deliberate indifference cannot survive when the medical professional has provided extensive care for the inmate's medical condition as in the case at bar. *Calhoun v. Horn*, 1997 WL 769523 at *5 (E.D. Pa. Oct. 8, 1997) (citing *Estelle*, 429 U.S. at 107). Plaintiff's statement regarding negligence is an example of the "naked averment" referred to in *Monmouth County*. 834 F. 2d at 346. State defendant asserts that no set of facts could transform this tort claim into constitutional rights' violations and therefore, should be dismissed.

10.   Finally, as in his complaint, Plaintiff's answering brief is devoid of any allegations demonstrating State defendant's personal involvement in the alleged constitutional violations. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d. Cir. 1988) (Without personal involvement in alleged constitutional violations, this Defendant cannot be held liable). The only reference to Warden Williams is contained in one sentence in the answer: "medical and wardens [sic] staff is negligent in a lot of matters when it comes to my heath issues." (D.I. 30). This statement not only fails to allege what actions Warden Williams personally took to violate his civil rights, it appears to focus on the "wardens staff" who are not named. In a complaint filed pursuant to 42 *U.S.C.* § 1983, a supervisory official cannot be held liable under the theory of *respondeat superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.") The Third Circuit has clearly set forth the standard for establishing liability for supervisory officials. *See Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). *Sample* states that "a 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person' . . . has exhibited deliberate indifference to the plight of the person deprived." *Sample,* 885 F.2d at 1118 (citations omitted). Defendants cannot be held liable on the basis of a failure to adequately supervise or control the conduct of subordinates. *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986), *cert. denied* 479 U.S. 949 (1987), *citing Fisher v. Washington Metropolitan Transit Authority*, 690 F.2d 1133, 1142-1143 (4th Cir. 1982). Plaintiff must: 1) identify with particularity what the *supervisory official* failed to do which amounts to deliberate indifference; and 2) demonstrate a close causal connection between the identified deficiency and the ultimate injury. *Commonwealth of Pennsylvania v. Porter*, 659 F.2d 306, 336 (3rd Cir. 1981). Plaintiff has failed

to establish either element for any of his claims. Therefore, summary judgment in favor of State Defendant is appropriate.

Plaintiff has failed to present any facts which would defeat the affirmative defenses found in the Eleventh Amendment, *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Doctrine of Sovereign Immunity, Del. Const. Art. I, Sec. 9; *Doe v. Cates,* Del. Super. 499 A.2d 1175 (1985), and Qualified Immunity, *Anderson v. Creighton*, 483 U.S. at 640; *See also Good v. Dauphin County Social Services for Children and Youth*, 891 F.2d 1087, 1092 (3d Cir. 1989); *Abdul-Akbar v. Watson,* 4 F.3d 195, 202 (3d Cir. 1993), *Vick v. Haller*, 512 A.2d 249 (1986), affirmed in part and reversed in part on procedural grounds.

WHEREFORE, for the reasons stated above and in State Defendant's motion to dismiss/summary judgment, State defendant respectfully requests this Honorable Court enter an Order dismissing Plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us

DATE: August 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2006 I electronically filed *Defendant's Reply in Support of His Motion to Dismiss/Summary Judgment* with the Clerk of Court using CM/ECF which will send notification of such filing to the following:  Kevin Connors, Esquire.

I hereby certify that on August 24, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:


Harry T. Collins
SBI# 156625
Sussex Community Corrections Center
23207 DuPont Blvd.,
Georgetown, De  19947


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us