IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-624-SLR |
| | ) |
| LINDA HUNTER, WARDEN RAPHAEL WILLIAMS, and CORRECTIONAL MEDICAL SYSTEMS, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of October, 2006, having reviewed the letter/motion for injunctive relief, and the papers submitted thereto;

IT IS ORDERED that the letter/motion for injunctive relief (D.I. 35) is denied as moot, for the reasons that follow:

1. **Background.** Plaintiff, who proceeds pro se and was granted leave to proceed in forma pauperis, filed a motion for injunctive relief to stop defendants' alleged retaliatory conduct as a result of the filing of this lawsuit. (D.I. 35) On July 19, 2006, the court ordered defendants to respond to plaintiff's allegations. (D.I. 38) All defendants filed a response and Correctional Medical Services ("CMS" incorrectly named as Correctional Medical Systems) also submitted plaintiff's medical records. (D.I. 44, 45, 46, 48) Plaintiff filed a letter/reply. (D.I. 52)

2. **Standard of Review.** When considering a motion for a

preliminary injunction plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion.** Plaintiff's letter/motion was received by the court on June 12, 2006. (D.I. 35) The record indicates that as of May 12, 2006, plaintiff was housed at the Howard R. Young Correctional Institution ("HRYCI"); as of May 21, 2006,[1] he had been transferred to the Central Violation of Probation Center ("CVOP") in Smyrna, Delaware and, by June 1, 2006,[2] he had been transferred to the Sussex Violation of Probation Center ("SVOP")

---

[1] Medical records indicate that as of May 21, 2006, and while at CVOP, plaintiff refused his medications. (D.I. 48, ex. 8)

[2] Medical records indicate plaintiff was administered medications at SVOP as early as June 1, 2006. (D.I. 48, ex. 4)

in Georgetown, Delaware, where he is currently housed. (D.I. 32, 35, 48) Plaintiff asserts that following his transfer to CVOP he was subjected to retaliation. Plaintiff claims that he was asked by a captain to sign off on pending medical grievances he filed at the HYRCI and, when he refused, "strange things began to happen." (D.I. 35) For example, plaintiff claims that he was not allowed to see a physician because of his pending lawsuit. He discusses an altercation with another inmate at CVOP which ultimately resulted in the imposition of sanctions. Plaintiff explains that he was told that his current cell was "not a good place to be" and so he moved, just to keep the peace. Plaintiff claims that he was told to move back and, when he told the corrections officer that his life was threatened and that he would not move back, a code was called and he was cuffed. Plaintiff alleges that the cuffs were not put on properly and he suffered nerve damage to his thumb. He was placed in a holding cell from Sunday until Thursday, and was transferred to the SVOP.

4. While in the holding cell at SVOP, plaintiff claims he was provided a mattress only at night, and that he was denied his legal work and his bible. He also claims he was constantly insulted by Lt. Donna Micheal and C/O Hotherman.[3] Plaintiff claims that, when he did not eat his breakfast quickly enough, Hotherman removed it and caused plaintiff to go into mild shock

---

[3] Non-defendants.

later in the day because he is "hipperglasemea" [sic].[4] At some point in time a disciplinary hearing was held, which plaintiff claims was not impartial, and plaintiff received a 45-day sanction. In his response (D.I. 5), plaintiff clarifies that the refusal of medical treatment occurred at CVOP and not at SVOP.

5. State defendants respond that plaintiff fails to provide any factual predicate that states a cognizable claim for the relief requested. (D.I. 44) They argue that it appears plaintiff's retaliation claim is based upon actions taken when plaintiff failed to obey an order, not because of the lawsuit he filed.

6. With regard to plaintiff's claim that he was denied medical care as a result of his lawsuit, State defendants argue that plaintiff provides no dates or names of DOC personnel who allegedly denied him care. Nor, they argue, did plaintiff indicate if he followed the proper procedure for obtaining medical assistance or, if he did, that the requests were denied. CMS argues that plaintiff cannot succeed on the merits of his medical claim because he has been treated by a physician on at least three occasions since being transferred to SVOP. (D.I. 46)

7. Initially the court notes that most of plaintiff's claims for injunctive relief are moot inasmuch as the majority of his retaliation claims occurred at CVOP, and he is no longer

---

[4]It is not clear if plaintiff misspells hyperglycemia or hypoglycemia.

housed there. Moreover, plaintiff clearly states in his motion that he disobeyed an order from a correctional officer when, after being told to move back, he told the officer he "wouldn't move back to that spot" (i.e., the cell). (D.I. 35) It is apparent in his description of what followed that he was punished for failing to obey an order. Finally, there is no merit to plaintiff's claims that he was refused medical treatment at CVOP. The medical records have been thoroughly reviewed. They indicate that, for the very short time plaintiff was housed at CVOP, he received treatment on two occasions, May 24, 2006 and May 28, 2006. (D.I. 48, Ex. 3)

8. Notably, since being housed at SVOP, plaintiff has received medical treatment, care or medications on the following dates: June 1, 2006, June 3, 2006, June 4, 2006, June 5, 2006, June 6, 2006, June 7, 2006, June 8, 2006, June 9, 2006, June 10, 2006, June 11, 2006, June 12, 2006, June 13, 2006, June 14, 2006, June 15, 2006, June 19, 2006, June 21, 2006, June 22, 2006, June 29, 2006, June 30, 2006, July 6, 2006, July 11, 2006, July 18, 2006, July 28, 2006, July 31, 2006, August 10, 2006 (D.I. 48, Ex. 3, 4, 5) The medication administration record indicates that plaintiff has received medication on a daily basis in June and July 2006. (D.I. 48, Ex. 8) Clearly, at the current time, plaintiff is receiving medical care.

9. As discussed above, the claim for injunctive relief due

to the alleged retaliatory conduct at CVOP is moot. Further, other than his allegations, plaintiff has provided nothing to the court to demonstrate irreparable harm. Finally, given the exhibits submitted to the court and based upon the law, plaintiff has not demonstrated the likelihood of success on the merits.

10. **Conclusion**. The majority of plaintiff's claims are moot. Additionally, plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify injunctive relief. The motion for injunctive relief (D.I. 35) is **denied.**

/s/ Sue L. Robinson<br>
UNITED STATES DISTRICT JUDGE