

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-624-SLR |
| | ) |
| LINDA HUNTER, WARDEN RAPHAEL | ) |
| WILLIAMS, CORRECTIONAL | ) |
| MEDICAL SYSTEMS, and | ) |
| DR. DEROSIER, | ) |
| | ) |
| Defendants. | |

Harry T. Collins, pro se Plaintiff.

Lisa Ann Barchi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Warden Raphael Williams.

Kevin J. Connors, Esquire, Wilmington, Delaware. Counsel for Defendant Correctional Medical Systems.

**MEMORANDUM OPINION**

Dated: January 12, 2007
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Presently before the court are motions to dismiss filed by defendant Warden Raphael Williams ("Warden Williams") and Correctional Medical Services, Inc. ("CMS").[1] (D.I. 24, 45) Also before the court is plaintiff's letter/motion to amend/correct the amended complaint. (D.I. 43) For the reasons set forth below, the court will grant the motions to dismiss (D.I. 24, 45), and will deny the motion to amend (D.I. 43). The court will give plaintiff leave to amend the complaint.

## II. BACKGROUND

Plaintiff has filed several pleadings, the combination of them forming his complaint. (D.I. 2, 6, 26, 37, 40) Plaintiff alleges he has a number of medical conditions such as Hepatitis C, osteoarthritis, gallstones, chronic hip and back pain, and mental problems. (D.I. 6) Plaintiff alleges that he is in constant pain, and has placed sick call slips to no avail. Id. Plaintiff also alleges that he sought, and was refused, bottom bunk status and an overlay for his mattress. Id. He alleges that on a number of occasions, the nursing staff, under the direction of Linda Hunter, failed to provide him with proper medical treatment. He also alleges that he was denied required

---

[1]Improperly named as Correctional Medical Systems.

medications and medical treatment. Plaintiff alleges that he notified each defendant[2] in an attempt to resolve the matter, but received no response.

## III. DISCUSSION

### A. Standard of Law

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46

---

[2]Service was unsuccessfully attempted on defendants Linda Hunter and Dr. Derosier. (D.I. 18, 54)

(1957)). Warden Williams moves for dismissal/summary judgment pursuant to Rules 12(b)(1), 12(b)(6), and 56(c)[3] on the bases that he is entitled to judgment as a matter of law because 1) there are no genuine issues of material fact in dispute, and 2) plaintiff has not, and cannot, make a sufficient showing of the essential elements of his case. (D.I. 25) More particularly, Warden Williams argues that the complaint fails to state a claim upon which relief may be granted, the allegations against him do not meet the standard for deliberate indifference under the Eighth Amendment, the complaint fails to allege his personal involvement, the Eleventh Amendment immunizes him from suit in his official capacity, and he is entitled to qualified immunity.

Defendant CMS moves for dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint fails to state a claim upon which relief may be granted. (D.I. 45, 46) Specifically, CMS argues that the complaint fails to allege any unconstitutional policy or custom against it and that the complaint fails to allege that the execution of such a policy or custom caused the constitutional tort at issue. CMS also argues that there is

---

[3]The motion for summary judgment is premature. Plaintiff is "entitled to discovery before being put to [his burden of] proof." Alston v. Parker, 363 F.3d 229, 233 n.6 (3d 2004). Therefore, the court will deny Warden Williams' motion, to the extent it should be construed as a motion for summary judgment.

no factual support to plaintiff's contentions that it exhibited deliberate indifference to a serious medical need. Plaintiff did not respond to the motion.

Warden Williams and CMS submitted exhibits outside the pleadings in support of their motions to dismiss. The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b). The court will not consider the exhibits submitted and will treat both motions as motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**B. Medical Needs Claim**

Warden Williams argues that the amended complaint fails to allege his deliberate indifference to a serious medical need and he points to plaintiff's medical records. Similarly, CMS argues that, to the extent plaintiff states a claim, any contentions of deliberate indifference to a serious medical need lack factual support. It, too, points to plaintiff's medical records. As discussed, however, those records are not considered when ruling on a motion to dismiss. Warden Williams also argues that the allegations are silent as to his actual knowledge of plaintiff's

-4-

medical condition and, therefore, plaintiff fails to demonstrate deliberate indifference to a serious risk of harm. Plaintiff responded to the motion to dismiss by arguing that medical and the warden's staff were negligent in dealing with his health issues. (D.I. 30)

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical

department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against defendants Warden Williams and CMS for deliberate indifference to a serious medical need. The amended complaint does not allege that either Warden Williams or CMS were aware that plaintiff faced a substantial risk of serious harm or that they failed to take reasonable steps to avoid the harm. Moreover, in plaintiff's response, his position was that medical and Warden Williams were negligent. Negligence, however, is not comparable to deliberate indifference, and does not rise to the

level of a constitutional violation. Warden Williams and CMS are correct that the amended complaint does not adequately allege that they violated plaintiff's constitutional rights under the Eighth Amendment. Therefore, the court will grant the motions to dismiss on the issue of deliberate indifference to a serious medical need.[4]

### C. Personal Involvement/Failure to State a Claim

Warden Williams argues that neither the complaint nor the amended complaint specify what actual knowledge he had of plaintiff, and how he was deliberately indifferent to a risk of serious harm. The amended complaint (D.I. 6) alleges that plaintiff's medical needs are not being met and that all attempts to resolve the issue were "unanswered with indifference and disrepect." Id. at 3. Warden Williams is named in the caption of the complaint and in the section listing defendants. The amended complaint contains one sentence that appears to be directed towards Warden Williams. It alleges that plaintiff has "notified each defendant of this problem and they have not responded." Id. at 3.

---

[4]Because the complaint fails to allege deliberate indifference to a serious medical need, plaintiff's § 1983 claim must fail. Hence, the court will not address Warden Williams' qualified immunity defense.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the

-8-

plaintiff.  Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. Appx. 240 (3d. Cir. 2005).

The complaint does not adequately allege Warden Williams' personal involvement.  It makes no direct reference to Warden Williams, but contains a general reference that plaintiff notified "each defendant" of his problem with no response. Notably, the complaint does not indicate when or how Warden Williams was notified and, hence, does not contain sufficient allegations to apprise Warden Williams of his alleged wrongdoing. Therefore, the court will grant Warden Williams' motion to dismiss on the issue of personal involvement.

### D.  Eleventh Amendment Sovereign Immunity

Warden Williams correctly argues that the doctrine of sovereign immunity bars suits for monetary damages against state employees in their "official capacities," absent waiver or Congressional override.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  There is no evidence that § 1983 intended to effect a Congressional override of state sovereign immunity.  The statute has been held not to "provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  Will v. Michigan Dep't of State Police, 491 U.S. 58,

66 (1989). Section 1983 authorizes suits against "persons," and a suit against a state official is "no different than a suit against a state itself." Id. at 71. "The state itself [is not] a person that Congress intended to be subject to liability." Id. at 68. Also, there is no indication that the State of Delaware has waived or abrogated its sovereign immunity with respect to § 1983 claims. Therefore, the court will grant Warden Williams' motion to dismiss on the issue of Eleventh Amendment immunity.

### E. Claims Against CMS

CMS argues that plaintiff cannot prove any set of facts to demonstrate that it had a policy or custom that led the medical staff to deprive plaintiff of necessary medical care. It also argues that in § 1983 claims, it cannot be held responsible for the acts of its employees under a respondeat superior theory.

As discussed above, the amended complaint alleges that plaintiff's medical needs are not being met and that all attempts to resolve the issue were "unanswered with indifference and disrepect." Id. at 3. Like Warden Williams, the amended complaint names CMS in the caption of the complaint and in the section listing defendants. Again, as with Warden Williams, the amended complaint contains one sentence that appears to be directed towards CMS, that plaintiff has "notified each defendant of this problem and they have not responded." Id. at 3.

As previously discussed, in order to state an inadequate medical treatment claim under the Eighth Amendment, an inmate must allege deliberate indifference to serious medical needs constituting "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. at 104. When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). In doing so, plaintiff must identify a particular policy or practice that CMS failed to enforce and show that: (1) the existing policy or practice created an unreasonable risk of injury; (2) CMS was aware that the unreasonable risk existed; (3) CMS was indifferent to that risk; and (4) plaintiff's injury result from the policy.

The complaint contains no allegations identifying a policy or practice of CMS that suggests deliberate indifference to plaintiff's serious medical needs. Therefore, the court will grant CMS' motion to dismiss on the issues of policy or practice and respondeat superior.

### IV. MOTION TO AMEND

Pending before the court is plaintiff's letter/motion to amend/correct. (D.I. 43) The letter contains a litany of

complaints regarding medical treatment. Most notably, plaintiff complains that he submits slips for medical treatment, to no avail. He also complains that he has difficulty standing for long periods of time and was reprimanded for "laying on the floor." Plaintiff specifically complains that he was made to stand in line by C/O Chaplain even after plaintiff informed him that he could not. Plaintiff states that he fears for his health and well-being and alleges that the C/O's do not like people with disabilities. Plaintiff alleges that were he housed at CVOP, he would be allowed to "lay down as much as [he] want[s]." He also alleges that there is constant retaliation over the current lawsuit.

If a proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). The proposed amendment is legally insufficient on its face. The general allegations fail to apprise the reader when the alleged wrongdoing took place or who committed the acts. C/O Chaplain is named as a new defendant, but the allegations against him do not rise to the level of a constitutional violation. Therefore, the court will deny the letter/motion to amend/correct.

**V.   CONCLUSION**

For the reasons set forth above, the court will grant state defendant's motion to dismiss (D.I. 24) and Correctional Medical Services, Inc.'s motion to dismiss (D.I. 45). The court will deny plaintiff's letter/motion to amend/correct. (D.I. 43) Because defendants Linda Hunter and Dr. Derosier were not timely served they will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Plaintiff will be given leave to amend his complaint. An appropriate order will be entered.

## Other Orders/Judgments

1:05-cv-00624-SLR Collins v. Hunter et al
PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 1/17/2007 at 11:56 AM EST and filed on 1/17/2007
**Case Name:**     Collins v. Hunter et al
**Case Number:**   1:05-cv-624
**Filer:**
**Document Number:** 55

**Docket Text:**
MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 1/12/07. (rld)


**1:05-cv-624 Notice has been electronically mailed to:**
Kevin J. Connors  kjconnors@mdwcg.com, dtwalsh@mdwcg.com, lawolhar@mdwcg.com, vllucas@mdwcg.com
Lisa Ann Barchi  lisa.barchi@state.de.us

**1:05-cv-624 Notice has been delivered by other means to:**

Harry T. Collins
SBI# 156625
Sussex Community Correction Center
23207 Dupont Blvd
Georgetown, DE 19947

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/17/2007] [FileNumber=328943-0]
[590eab324b1862fcb9a727fe517eaa59c3a211f7cec32bc5be707622a19a773c1ae5
c88b8fa4f59a74ab12b1d307e0df9b441028c87793e68775bd614f41a757]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY T. COLLINS, )
            )
    Plaintiff, )
            ) Civil Action No. 05-624-SLR
v. )
            )
LINDA HUNTER, WARDEN RAPHAEL )
WILLIAMS, CORRECTIONAL )
MEDICAL SYSTEMS, and )
DR. DEROSIER, )
            )
    Defendants. )

**ORDER**

At Wilmington this ___ day of January 2007, for the reasons set forth in the memorandum opinion issued this

IT IS HEREBY ORDERED that:

1. State defendant's m...

   **granted**.

2. ...

   45) is gra...

3. Pla...

   **denied**.

4. Defend... without prejudice

   Plaintiff ...plain...

-2-

be closed if an amended complaint is not filed within the 30 day time period.

_____
UNITED STATES DISTRICT JUDGE

## Other Orders/Judgments
1:05-cv-00624-SLR Collins v. Hunter et al
PaperDocuments

## U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 1/17/2007 at 12:03 PM EST and filed on 1/17/2007
**Case Name:** Collins v. Hunter et al
**Case Number:** 1:05-cv-624
**Filer:**
**Document Number:** 56

**Docket Text:**
ORDER, Motions terminated: granting [24] MOTION to Dismiss Based upon No genuine issues of material fact filed by Raphael Williams; denying [43] MOTION to Amend/Correct filed by Harry T. Collins; granting [45] MOTION to Dismiss filed by Correctional Medical Systems. Attorney Lisa Ann Barchi and Kevin J. Connors terminated. Linda Hunter; Raphael Williams; Correctional Medical Systems and Derosier terminated. Pltf. is given leave to file an amended complaint within 30 days of this order; case will be closed if amended complaint is not filed within the 30 day time limit. Signed by Judge Sue L. Robinson on 1/12/07. (rld)


**1:05-cv-624 Notice has been electronically mailed to:**
Kevin J. Connors kjconnors@mdwcg.com, dtwalsh@mdwcg.com, lawolhar@mdwcg.com, vllucas@mdwcg.com
Lisa Ann Barchi lisa.barchi@state.de.us

**1:05-cv-624 Notice has been delivered by other means to:**

Harry T. Collins
SBI# 156625
Sussex Community Correction Center
23207 Dupont Blvd
Georgetown, DE 19947


The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/17/2007] [FileNumber=328955-0]
[55777a83770486f046d4ec0971ec4b1858f74a43965853bdbb6fe385c905d2111c2a
f6b4866695ace30dae2e62a38412b0485fa44ddd6f8257c08c223be28168]]