IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY T. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-624-SLR |
| v. | ) | |
| | ) | |
| LINDA HUNTER, | ) | |
| WARDEN RAPHAEL WILLIAMS, and | ) | Jury Trial Requested |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WARDEN RAPHAEL WILLIAMS'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
PETITION FOR LEGAL COUNSEL [RE: D.I. 69]**

COMES NOW, State Defendant Warden Raphael Williams ("Warden Williams") by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Petition for Legal Counsel (the "Petition") (D.I. 69). In support of the Response, Warden Williams states as follows:

1. Plaintiff Harry T. Collins ("Collins" or "Plaintiff") was formerly an inmate incarcerated in the prisons of the Delaware Department of Correction. At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at the Howard R. Young Correctional Institution ("Howard Young"). Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On August 24, 2005, Collins filed a Complaint, which was subsequently supplemented and amended, against several Defendants, including Warden Williams, alleging that the Defendants violated his Eighth Amendment constitutional rights while he was incarcerated at Howard Young. (D.I. 2, 6, 26, 37, 40).

3. The Defendants, including Warden Williams, subsequently filed motions to dismiss Plaintiff's Complaint. (D.I. 24, 45). In a Memorandum Opinion dated January 12, 2007, the Court granted the Defendants' motions to dismiss but gave the Plaintiff leave to amend his complaint. (D.I. 55). Approximately one month later, on February 16, 2007, Plaintiff filed his Amended Complaint. (D.I. 62). Warden Williams filed an Answer to the Amended Complaint on April 20, 2007. (D.I. 67).

4. On May 21, 2007, Collins filed the Petition requesting appointment of counsel (D.I. 69). Because Collins fails to provide sufficient legal justification for why he requires counsel at this time, the Court should deny the Petition.

5. In the Petition, Collins contends that he should receive counsel because he does not have money for an attorney and because he has "no access to legal repensentashion [sic] and being incarcerated [he] was afforded that right, but as it stands now [he] don't have the money or access to legal advice to know how to proceed in this case at hand." (Petition at ¶2). Plaintiff's reasons do not justify appointment of counsel.

6. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels*

*v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

7. In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id*.

8. In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458.

9. Assuming, for purposes of this Response only, that Plaintiff's claims have some merit, the additional *Tabron* factors weigh against the appointment of counsel. First, Collins has demonstrated an ability to present his case. Collins has proceeded *pro se* in this litigation for almost two years. During that time he has filed several pleadings and numerous other documents, including his responses to the Defendants' motions to dismiss.

10. Second, the issues in this matter are not complex. Plaintiff contends that the Defendants were deliberately indifferent to his medical needs. The

medical care Plaintiff received is not a complicated matter and is evident by his medical records and his personal knowledge.

11. Third, although factual investigation is necessary to a limited extent, most of the facts are within the Plaintiff's knowledge. Collins is fully aware of the medical treatment he received while at Howard Young and the information he does not remember or possess is available through his medical records. Moreover to the extent Collins needs further information he will have an opportunity to conduct factual investigation during discovery.

12. Finally, expert testimony does not appear necessary at this time.

13. In light of the *Tabron* factors and the facts of this case, Collins does not need or require the appointment of legal counsel at this time. Therefore the Petition for Legal Counsel should be denied.

WHEREFORE, Warden Williams respectfully requests that this Honorable Court deny Plaintiff's Petition for Legal Counsel.

                                        **DEPARTMENT OF JUSTICE**
                                        **STATE OF DELAWARE**

                                        */s/ Erika Y. Tross*
                                        Erika Y. Tross (#4506)
                                        Deputy Attorney General
                                        820 N. French Street, 6th Floor
                                        Wilmington, DE  19801
                                        (302) 577-8400
                                        Attorney for Defendant Raphael Williams

Dated: May 30, 2007

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on May 30, 2007, I caused a true and correct copy of the attached *Defendant Warden Raphael Williams' Response in Opposition to Plaintiff's Petition for Legal Counsel [Re: D.I. 69]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Harry T. Collins
211 Harding Avenue
Wilmington, DE 19804

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

                              */s/ Erika Y. Tross*
                              Erika Y. Tross (#4506)
                              Deputy Attorney General
                              Delaware Department of Justice
                              Carvel State Office Building
                              820 N. French Street, 6th Floor
                              Wilmington, DE 19801
                              302-577-8400