IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| HARRY T. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-624-SLR |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| WARDEN RAPHAEL WILLIAMS, et al. | ) | |
| | ) | |
| Defendants. | ) | |


## INTERROGATORIES-SET I OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC. (incorrectly designated as "Correctional Medical Systems") ("CMS") DIRECTED TO PLAINTIFF

The above-named defendant, by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, Esquires, hereby requests that the party to whom these interrogatories are addressed answer fully, in writing and under oath, the following interrogatories.

## DEFINITIONS AND INSTRUCTIONS

Unless negated by the context of the interrogatory, the following definitions are to be considered to be applicable to all interrogatories contained herein:

(A)    "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced.  The term documents includes without limitation correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, purchase orders, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, printouts, recordings, telegrams, films, and all other such documents

tangible or retrievable of any kind.  The term documents also includes any preliminary notes and drafts of all the foregoing, in whatever form (for example:  printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon blueprints, magnetic tape, microfilm, film, motion picture film, phonograph records, or other form).

(B)  With respect to documents, the term "identify" means to give the date, title, author and addressee; identify with respect to documents further means:

(I)   To describe a document sufficiently well to enable the interrogator to know what such document is and to retrieve it from a file or wherever it may be located;

(II)   To describe it in a manner suitable for use as a description in a subpoena;

(III)  To give the name, address, position or title of the person(s) who has/have custody of the document and/or copies thereof.

(C)   "Identify" when used in reference to an individual means:

(I)   To state his/her full name;

(II)  Present residence address or last known residence;

(III)  Present or last known business address;

(IV)  Present employer or last known employer;

(V)   Whether ever employed by any party to this action and, if so, the dates he (she) was employed by such party, the name of such party, and the last position held as an employee of such party.

(D)   Whenever the expression "and/or" is used in these interrogatories, the in, the information called for should be set out both in the conjunctive and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

(E)     Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given unless it is not known; and then the approximate date, amount, or other computation or figure should be given or the best estimate thereof; and the answer shall state that the date, amount or other computation or figure is an estimate or approximation.

(F)     No answer is to be left blank.  If the answer to an interrogatory or subparagraph of an interrogatory is "none" or "unknown", such statement must be written in the answer.  If the question is inapplicable, "N/A" must be written in the answer.  If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

(G)     These interrogatories are continuing, and any information secured subsequent to the filing of your answers which would have been includable in the answers had it been known or available, are to be supplied by supplemental answers.

## INTERROGATORIES ADDRESSED TO PLAINTIFF - SET I

1. Give the names and addresses of the following persons:

      a.  Those who witnessed the occurrence giving rise to this suit;

      b.  Those who have any information or knowledge concerning the facts,

events, circumstances or conditions surrounding the happening of said occurrence.

      c.  Those who have any information or knowledge concerning the facts,

events, circumstances or conditions surrounding the happening of said occurrence.

**ANSWER:**

2.      State whether any person gave any statement or prepared any document,

memorandum, drawing or any other tangible thing pertaining to the occurrence giving rise to this

suit.

      a.      If your answer is in the affirmative, as to each person state the following:

           (1)      Identify each person;

           (2)      Describe the nature of what was done or produced;

           (3)      Give the name and address of the person having custody of each item

described above.

**ANSWER:**

3.    State whether any photographs were taken of the site of the occurrence or any of the

instrumentalities or personalities involved herein.

(a)    If your answer is in the affirmative, state:

(1)    The subject matter of the photographs:

(2)    The date and time of day said photographs were taken;

(3)    The name, address and job classification of the person taking same,

and the name and address of his employer, if not in your employ;

(4)    The name, address and classification of the person having custody of

the same.

**ANSWER:**

4.      State whether any plans, drawing, blueprints, sketches, or diagrams exist or were made of the site of the occurrence or the instrumentalities involved herein.

(a)      If your answer is in the affirmative, state:

(1)      The identity of each said plan, drawing, blueprint, sketch or diagram by subject matter;

(2)      The date and time of day when each of the same was made if subsequent to the occurrence;

(3)      The name, address, and job classification of the person making same, if made subsequent to the occurrence;

(4)      The name, address, and job classification of the person having custody of the plans, drawings, blueprints, sketches, or diagrams.

**ANSWER:**

5.      State the following with respect to the plaintiff(s):

     (a)      Age;

          (1)      At the time of the incident here involved;

          (2)      At the present time;

     (b)      Date of birth;

     (c)      Place of birth;

     (d)      Marital status

          (1)      At the time of the incident here involved;

          (2)      At the present time;

     (e)      Number of children or other dependents;

          (1)      At the time of the incident here involved;

          (2)      At the present time.

**ANSWER:**

6.     State the following:

(a)     Your Social Security Number, if any;

(b)     Your Veteran's Claim Number, if any;

(c)     Name and policy number of any health and accident coverage in existence at the time of the occurrence here involved, if any;

(d)     Name, claim number, and policy number of any insurance coverage providing benefits for the injuries or medical expenses alleged to be involved in this action, if any.

**ANSWER:**

7.      State in detail and with particularity the injuries you allege were sustained as a result of the occurrence here involved.

**ANSWER:**

8.      State the name and address of each hospital, clinic, nursing home, or other institution to which you have gone for examination and/or treatment or in which you have been confined as a result of the injuries alleged to have been sustained in the occurrence involved in this action. State the dates of confinement, examination, and/or treatment, the amount of the bill rendered by each of the institutions, and the amount of each that has been paid and by whom.

**ANSWER:**

9.      State the names and addresses of each doctor, physician, nurse, or other person who have examined and/or treated you, whether you were in a hospital or elsewhere, for the injuries alleged to have been sustained as a result of the occurrence involved in this action.  State the dates on which you were examined and/or treated, the treatment given, if any, the place where given, the charges for same, and the amount of each charge that has been paid and by whom.

**ANSWER:**

10.     Describe any pain, ailment, complaint, injury, or disability that you claim you presently have as a result of the occurrence here involved.

**ANSWER:**

11.     Are you still under treatment for the injuries alleged to have been sustained in the occurrence here involved?

(a)     If your answer is in the affirmative, give the name and address of the physician(s) and/or institution(s) rendering said treatment.

**ANSWER:**

12.     State whether you sustained any injuries or had any disease, deformity, or impairment prior to or subsequent to the occurrence here involved which in any way affected those pats of your body injured as a result of the occurrence here involved .

If so, indicate the nature of any such injury, disease, deformity or impairment; give the name and address of any hospital or other institution to which you have gone for treatment and/or examination and the dates thereof; the name and address of any doctor or other person to whom you have gone for treatment and/or examination and the dates thereof.

**ANSWER:**

13.     Have you ever been involved in an accident of any kind before or after the

occurrence upon which this suit is based?  If so, state the nature of the accident, the place and

date on which it occurred, the names and addresses of all persons involved, the injuries sustained

by you, and the court, term and number of any suit commenced as a result thereof.

**ANSWER:**

14.     If you allege that the occurrence here involved aggravated a pre-existing condition, state:

(a)     Whether you had recovered from said condition at the time of the accident here involved and the approximate date of your recovery;

(b)     The name and address of each hospital or other institution to which you had gone for examination and/or treatment and the date of your last visit;

(c)     The name and address of each doctor or other person to whom you had gone for examination and/or treatment and the date of your last visit.

**ANSWER:**

15.    At the time of the occurrence here involved, what was the nature of your

employment and/or occupation?  Describe your usual duties and labors.

   **ANSWER:**

16.    Give the name and address of your employer at the time of the occurrence here involved.  If self-employed, state the address of your usual place of business and the name under which you operate it.

**ANSWER:**

17.    Have you been absent from work at any time or times since the date of the

occurrence set forth in the Complaint?  If so, state:

(a)    The date of all absences from work and the reasons therefor;

(b)    Your rate of pay on the dates of such absences, whether you received pay for

the dates of absences and, if so, for what reasons.

**ANSWER:**

18.     State whether you have been unable to perform satisfactorily any of the duties required of you in any of your employments since the date of the occurrence set forth in the Complaint, indicating with particularity what duties you were unable to perform, and the names and addresses of all persons having knowledge of such facts, including supervisors and employers at the time of such incapacities.

**ANSWER:**

19.     Since the date of the occurrence here involved, have you engaged in one or more gainful occupations?  If so, state:

(a)     The names and addresses of your employers and the dates between which you worked for each such employer;

(b)     The nature of the work in each such occupation and the wage or salary received by you in each such occupation.

**ANSWER:**

20.     If, at the time of the occurrence here involved or subsequent thereto, you were self-employed, state:

(a)     The name and address of each employee hired as a result of your disability (if any), the dates of such employment, and the amount of money paid to each such employee;

(b)     Your gross and net income as stated in your Federal Income Tax Returns for each of the three (3) years preceding the date of the accident and for each of the years thereafter to date.

**ANSWER:**

21.     If you are claiming loss of earnings state the total amount of such loss and the computation used to arrive at that sum.

**ANSWER:**

22.     If you are claiming a loss of earning capacity, state the total amount of such loss, the

basis for the claim, and the computation of the loss.

**ANSWER:**

23.    State the name and address of each of your employers for the five (5) years immediately preceding the occurrence here involved, and as to each state the period of employment, the dates thereof, the rate of pay, your total income, and approximately the number of days you were absent from work each year.

**ANSWER:**

24.     State separately the amount earned by you in each of the three (3) calendar years preceding the date of the occurrence here involved, for the calendar year of the occurrence, and for each calendar year or part thereof subsequent to the occurrence to date.

   **ANSWER:**

25.     If you claim that you sustained any financial loss other than those covered by the preceding interrogatories, state the following:

(a)     In detail, the nature, date and amount of such loss.

**ANSWER:**

26.     Identify each person whom you expect to call as an expert witness at the trial of this action.

(a)     As to each person so identified, state the subject matter on which the expert is expected to testify.

**ANSWER:**

27.    As to each expert identified above, have him state the following and sign his answers:

(a)    The substance of the facts and opinions to which he is expected to testify;

(b)    A summary of the grounds for each opinion.

**ANSWER:**

28.    With respect to each expert identified in answer to the preceding interrogatory, state the following:

(a)    A brief chronological resume of the expert's education and professional background, including associations or societies of which he (she) is a member, schools attended, including years of attendance and degrees received, experience in particular fields, including names and addresses of employers with inclusive years of employment;

(b)    The title, publisher, date, and form of all documentary material published by the expert.

**ANSWER:**

29.    Identify any documents prepared or generated by the expert which in whole or in part contain the facts and opinions to which the expert is expected to testify, for whom prepared and when, and identify further each person to whom the document or documents were given or distributed.

**ANSWER:**

30.    Identify all factual information supplied to the expert which was used as the basis for his opinion including correspondence, memoranda, reports, tests, plans, specifications, drawings, and/or documents of any kind as well as objects and photographs examined.

**ANSWER:**

31.    Identify each and every Eighth Amendment violation which you claim against defendant, Correctional Medical Services, Inc., and as to each such violation, identify:

(a)    The identity and address of each and every witness who will testify in support of your allegation; and

(b)    The identity of each and every document, record, report, memorandum, correspondence, e-mail, notation, telephone memorandum, e-mail, photograph and any and all other writings which in any way support the said allegation.

**ANSWER**:

32.     With respect to the claims asserted in your Amended Complaint, state the following:

a) identify all facts that refute, relate to, or support your claims;

b) identify the specific behavior or conduct that you allege that Warden Williams engaged in;

c) the names and present or last known addresses and telephone; numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof;

d). identify all documents that reflect, refer to or relate to such contention or facts.

**ANSWER:**

33.     Identify (a) every communication you have had with anyone, other than your attorney, concerning the allegations in your Amended Complaint including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

   **ANSWER:**

34.     Identify (a) every communication you have had with any Defendant concerning the allegations in your Amended Complaint; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**ANSWER:**

35.     Identify each document in your possession and control that relates to the allegations in your Amended Complaint.

**ANSWER:**

36.     If you allege that you filed an inmate grievance or medical grievance relating to the allegations in your Amended Complaint, what date was said grievance filed on? If your grievance relating to the allegations in your Amended Complaint was rejected, describe in detail what facts contributed to the rejection.

**ANSWER:**

37.    Identify any individual you allege witnessed in any manner any aspect of the allegations in your Amended Complaint.

   **ANSWER:**

38.    Describe any medical treatment you received as a result of the allegations in the Amended Complaint, specifically addressing:

a)    whether you requested any medical treatment at Howard Young which you believe in any way resulted from the allegations in your Amended Complaint; and

b)    the date and method used for any request listed in subparagraph (a) of this Interrogatory.

**ANSWER:**

39.     State the following:

a)      describe in detail any information regarding any injuries, illnesses or diseases you have ever been diagnosed with prior to or during your incarceration at Howard Young;

b)      identify the date on which you became aware of such information;

c)      identify all persons having knowledge of such information including any treating doctors or specialists; and

d)      identify all documents referring or relating to such information.

**ANSWER:**

40.    Please describe in detail any information regarding any alleged mental or behavioral problems you have ever been diagnosed with; identify the date on which you became aware of such information; identify all persons having knowledge of such information including any treating doctors, psychologists or psychiatrists; and identify all documents referring or relating to such information.

**ANSWER:**

41.    Describe in detail:

a)    how CMS denied you your right to receive proper medical care and/or treatment;

b)    the dates and times you claim you were denied proper medical care and/or treatment;

c)    the injuries you claim you suffered by being denied proper medical care and/or treatment; and

d)    identify any and all documents, including grievances, that describe the injuries you claim you suffered by being denied proper medical care and/or treatment.

**ANSWER:**

42.     Describe in detail how CMS refused you treatment for your alleged injuries while incarcerated at Howard Young. Identify each document in your possession and control that relates to the injuries you allegedly sustained from the allegations in your Amended Complaint.

**ANSWER:**

43.    Identify each document in your possession and control that relates to the injuries you allegedly sustained from the allegations in your Amended Complaint.

**ANSWER:**

44.     Identify all physicians you have seen or been treated by in the past 10 years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**ANSWER:**

45.     Describe any and all incidents you have had while incarcerated in which you have been transferred to a behavioral modification unit, to a higher security area or to any other more restricted setting.

**ANSWER:**

46.     Identify all of your criminal convictions in the past fifteen (15) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**ANSWER:**

47.     State the total amount of damages you are seeking against CMS and the computation used to arrive at the sum.

**ANSWER:**

48.     Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

 **ANSWER:**

49.     Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**ANSWER:**

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY: _____/s/ Kevin J. Connors_____
         KEVIN J. CONNORS, ESQUIRE (De I.D. #2135)
         1220 N. Market Street, 5th Floor
         P.O. Box 8888
         Wilmington, DE  19899-8888
         302-552-4302
         Attorneys for Defendant, Correctional Medical
         Services, Inc. (incorrectly designated as
         "Correctional Medical System")

Dated: August 21, 2007
\15_A\LIAB\KJCONNORS\LLPG\445395\VLLUCAS\13252\00168

52