UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS,                    )  <br> )  <br> Plaintiff,        )  <br> v.                  )  <br> )  <br> LINDA HUNTER, WARDEN RAPHAEL )  <br> WILLIAMS and CORRECTIONAL   )  <br> MEDICAL SYSTEMS,             )  <br> )  <br> Defendants.      ) | Case No. 05-624 (SLR)  <br> JURY TRIAL DEMANDED |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.[1]'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUEST**

  A. Defendant Correctional Medical Services, Inc. ("Answering Defendant") objects to the Discovery Requests insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

  B. Answering Defendant objects to the Discovery Requests insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

  C. Answering Defendant objects to Discovery Requests insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

  D. Answering Defendant objects to Discovery Requests insofar as they seek information protected from disclosure as confidential or proprietary business information.

---

[1] Incorrectly named as "Correctional Medical Systems".

E. Answering Defendant objects to the Discovery Requests insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F. Answering Defendant objects to the Discovery Requests insofar as the terms used therein are vague and ambiguous.

G. Answering Defendant objects to Discovery Requests to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H. Answering Defendant objects to the Discovery Requests insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Discovery Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims.

I. Answering Defendant objects to the Discovery Requests insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Discovery Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Discovery Request is accurate.

K. Answering Defendant's failure to object to the Discovery Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L. These General Objections are incorporated into each of Answering Defendant's specific Responses to the Discovery Requests and shall be deemed

continuing as to each Discovery Request and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.   Answering Defendant reserves the right to supplement or amend its responses and objections to the Discovery Requests. The fact that Answering Defendant has responded to the Discovery Requests or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Discovery Requests.

N.   To the extent an Answer to a Discovery Request is responsive to any or all other Discovery Requests, those Answers are deemed to be incorporated by reference to such other Discovery Requests.

O.   These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

**RESPONSES TO DISCOVERY REQUESTS**

**PRELIMINARY STATEMENT**

Plaintiff's discovery requests are not individually numbered, and are not directed toward any identified party. Answering Defendant assumes therefore, for the

sake of safety, that they are directed toward it, and will attempt to respond to the best of its ability.

     1.    Copies of the Grievances listed in the Discovery Request.

RESPONSE:  Answering Defendant does not have any such grievance forms.

     2.    Any and all reports, discussions, documentation or any other information not mentioned in this request pertaining to this case.

RESPONSE: Objection.  This request is overly broad and unduly burdensome.  Without waiving, and expressly reserving all objections, Answering Defendant states that responsive documents will be made available for review and copying at Plaintiff's convenience and expense.

     3.    " . . .(A) copy of any and all grievances listed in (Plaintiff's Discovery Request) and that are not (listed there) that were submitted that he never got copies of."

RESPONSE: Objection.  This Request is vague and ambiguous, overly broad and unduly burdensome.  Without waiving, and expressly reserving all objections, Answering Defendant states that it has no such grievance forms.

     4.    Statements from the officers that were on duty at the time of the incident when I was chocked (sic) by one Lt. Rider . . .

RESPONSE:  Answering Defendant is not in possession of any information responsive to this Request and review of Plaintiff's medical records is not instructive.

     5.    I'm also requesting the name of full name of the head nurse that they call Diane whom work there in 2005 along side one Linda Hunter.

RESPONSE: Objection. This Request is vague and ambiguous. Without waiving, and expressly reserving all objections, Answering Defendant states that it is attempting to locate responsive information.

6. Any and all incident reports that may of accord after and prior to the incidents that happen to me on one Lt. Ryder And CMS heath services.

RESPONSE: Objection. This Request is vague and ambiguous and Answering Defendant cannot respond without clarification.

7. The names of Shift Commanders and statements from them as to the decision that was made to send me to Solitary Confinement do to my inability to sleep on the floor at the time the incidents accord.

RESPONSE: Objection. This Request is vague and ambiguous and Answering Defendant cannot respond without clarification. Answering Defendant believes, however, that it is not in possession of such information.

8. The last request is illegible.

**BALICK & BALICK L.L.C.**

　　　／s／ James E. Drnec　　　
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Correctional Medical Services, Inc.

Dated: September 24, 2007