IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-624-SLR |
| v. ) | |
| ) | |
| LINDA HUNTER, ) | |
| WARDEN RAPHAEL WILLIAMS, and ) | Jury Trial Requested |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANT WARDEN RAPHAEL WILLIAMS'
RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS [RE: D.I. 80]**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, State Defendant Warden Raphael Williams ("Warden Williams"), hereby responds to Plaintiff's Discovery Requests (the "Discovery Requests") as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1. Warden Williams objects to the Discovery Requests to the extent they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. Warden Williams objects to the Discovery Requests to the extent they seek information not in his possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. Warden Williams objects to the Discovery Requests to the extent they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. Warden Williams objects to the Discovery Requests to the extent they purport to require him to produce documents at Plaintiff's address.

5. Warden Williams objects to the Discovery Requests to the extent they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

6. Warden Williams objects to the Discovery Requests to the extent they are vague, ambiguous, or otherwise incomprehensible.

7. Warden Williams objects to the Discovery Requests to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Amended Complaint (the "Amended Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

8. In providing responses to these Discovery Requests, Warden Williams does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

9. Warden Williams' assertion that he will produce documents in response to a particular request is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that he will make available for inspection and copying responsive, nonprivileged documents within

his possession, custody or control should any such documents be located after a reasonably diligent search.

10.     Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Warden Williams reserves the right to supplement or amend these responses and assert additional objections as he completes his review and analysis in response to the Discovery Requests.

## RESPONSES TO DISCOVERY REQUESTS

**REQUEST NO. 1:**   These are a list of the following grievances that I am requesting and any other ones that I filed that are not listed in this order, that were directly submitted to the wardens office:  1. 8-22-05 #05-16472; 2. 8-29-05 #05-16503; 3. 9-8-05 #05-16945; 4. 11-28 #05 #05-20553; 5. 1-6-06 #06-22152; 6. 4-13-06 #06-30944; 7. 5-5-06 #06-3423; 8. 4-13-06 #06-30944.

**RESPONSE:** Warden Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is overly broad and unduly burdensome.  Warden Williams also objects to this request on grounds that it requests documents already in the possession, custody or control of Plaintiff.  Subject to and without waiver of the foregoing general and specific objections, Warden Williams states that grievance number #05-16503 is not a grievance assigned to the Plaintiff.  By way of further response, Warden Williams refers Plaintiff to copies of his grievances from HRYCI produced and attached hereto Bates stamped D00001 – D00162.

**REQUEST NO. 2:**   These are the grievances that were submitted to Sgt. Moody, inmate Grievance Chairperson.  Im [sic] requesting a copy of any and all

3

grievances listed here and that are not here that were submitted that I never got copies of: 1. 7-6-05 #05-14983; 2. 8-1505 #05-16177; 2. [sic] 10-7-05 #05-18320; 3. 10-7-05 #05-18322; 4. 10-31-05 #05-19574; 5. 12-21-05 #05-21354; 6. 12-22-05 #05-21425; 7. 12-30-05 #05-22004; 8. 12-30-05 #05-21790; 9. 4-4-06 #06-28886; 10. 4-13-06 #06-31203; 11. 4-12-16 #06-31024; 12. 4-12-16 #06-30967; 13. 4-13-06 #06-31043; 14. 4-25-06 #06-33603.

**RESPONSE:** Warden Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is overly broad and unduly burdensome. Warden Williams also objects to this request on grounds that it requests documents already in the possession, custody or control of Plaintiff. Subject to and without waiver of the foregoing general and specific objections, Warden Williams states that grievance number #05-19574 is not a grievance assigned to the Plaintiff. By way of further response, Warden Williams refers Plaintiff to copies of his grievances from HRYCI produced and attached hereto Bates stamped D00001 – D00162.

**REQUEST NO. 3:** Im [sic] also requesting statements from the officers that were on duty at the time of incident when I was chocked by one Lt. Rider and also the name of the inmates that I had shared a cell with at the time of the incident and also of a copy of the list on inmates that were present on that pod at the time and the Q, R, Team and the nurse that I was seen by at the time of the incident.

**RESPONSE:** Warden Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is vague, ambiguous and incomprehensible in that Plaintiff has failed to define the meaning of the

4

word "chocked". By way of further response, Warden Williams states that he does not know of the incident to which Plaintiff is referring. Warden Williams will attempt to supplement his response to this request upon receipt of further clarification and/or information from the Plaintiff.

**REQUEST NO. 4:** Im [sic] also requesting the full name of the head nurse that they call Diane whom work there in 2005 along side one Linda Hunter.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Warden Williams states that this request appears to be directed to another defendant.

**REQUEST NO. 5:** Im [sic] also requesting any and all incident reports that may of accord after and prior to the incidents that happen to me on one Lt. Ryder and CMS heath [sic] services.

**RESPONSE:** Warden Williams incorporate by reference the foregoing general objections and further objects to this request on grounds that it is unintelligible and incomprehensible.

**REQUEST NO. 6:** Im [sic] also requesting the names of Shift Commanders and statements from them as to the decision that was made to send me to Solitary Confinement do [sic] to my inability to sleep on the floor at the time that the incidents accord.

**RESPONSE:** Warden Williams incorporates by reference the foregoing

general objections and further objects to this request on grounds that it is vague and ambiguous.  By way of further response Warden Williams states that he does not know of the incident to which Plaintiff is referring.  Warden Williams will attempt to supplement his response to this request upon receipt of further clarification and/or information from the Plaintiff.

**REQUEST NO. 7:**    And last Im [sic] requesting that a full investigation be performed in this matter and that the out come of any discoveries be disclose [sic] to me in writing pertaining to any and all request made in this paper set before you this day.

**RESPONSE:** Warden Williams incorporates by reference the foregoing general objections and further object to this request on grounds that it seeks to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.  Warden Williams also objects to this request on grounds that it is vague, ambiguous and incomprehensible.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for Defendant Raphael Williams

Dated:  October 3, 2007

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on October 3, 2007, I caused a true and correct copy of the attached *State Defendant Warden Raphael Williams' Responses to Plaintiff's Discovery Requests [Re: D.I. 80]* to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Harry T. Collins
211 Harding Avenue
Wilmington, DE 19804

**VIA ELECTRONIC DELIVERY
& FIRST CLASS MAIL:**
James E. Drnec, Esq.
Balick & Balick, LLC
711 King St.
Wilmington, DE 19801
jdrnec@balick.com

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400