IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-624-SLR |
| | ) |
| WARDEN RAPHAEL WILLIAMS and | ) |
| CORRECTIONAL MEDICAL SYSTEMS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of October, 2007, having considered plaintiff's motion for appointment of counsel and defendant Williams opposition thereto;

IT IS ORDERED that said motion (D.I. 69) is denied for the reasons that follow.

1. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. In his request for counsel, plaintiff states that he does not have access to legal representation because he is no longer incarcerated. (D.I. 69) He claims to be without knowledge on how to proceed with the litigation and has no money to hire private counsel. Having reviewed plaintiff's motion, as well as the record, the court does not find that appointment of counsel is warranted at this time. According to the scheduling order, the period in which to exchange discovery expires on November 20, 2007, with dispositive motions due by January 15, 2008. Moreover, the various papers and pleadings submitted by plaintiff demonstrate an ability to coherently present his claims and requests for relief. Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice until after the court's resolution of any motions for summary judgment.

_____
United States District Judge