UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY T. COLLINS, | ) | |
| | ) | Case No. 05-624 (SLR) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| LINDA HUNTER, WARDEN RAPHAEL WILLIAMS and CORRECTIONAL MEDICAL SYSTEMS, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S[1] MOTION TO COMPEL OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel, hereby moves for entry of an order in the form attached hereto compelling the Plaintiff to provide complete responses to discovery requests no later than November 20, 2007 and to attend and participate in his deposition on November 19, 2007. CMS also requests this Order be self-executing, entering judgment in favor of CMS in the event Plaintiff fails to comply with the order compelling responses and fails to appear and answer questions at his deposition. In support of its Motion, CMS states as follows:

1. Plaintiff initiated the above-captioned action on August 24, 2005 alleging violation of Eighth Amendment rights. (D.I. 2)

2. On July 27, 2007, this Court entered its scheduling order setting November 20, 2007 as the date by which all discovery must be completed. (D.I. 75) On August 21, 2007, CMS filed and served its First Set of Interrogatories (D.I. 77) and First Set of Requests for Production of Documents directed to the Plaintiff. (D.I. 78) Pursuant to

---
[1] Incorrectly named in this suit as "Correctional Medical Systems".

Rules 33 and 34, Plaintiff's responses were due no later than September 20, 2007. Plaintiff did not provide responses by that date. Nor did he move for, request, or otherwise seek an extension of time in which to answer. Plaintiff also failed timely to file objections, thereby waiving his right to do so.

3. On October 22, 2007, pursuant to D.Del.L.R. 7.1.1, the undersigned wrote to Plaintiff regarding the outstanding discovery responses and requesting responses by November 2, 2007. (Exhibit "A"). No response to that letter was received, although on November 1, 2007, Plaintiff appeared at the undersigned's office to serve by hand a letter from Plaintiff to the Court. (D.I. 87) The undersigned hereby certifies that he has made a good faith effort to communicate with Plaintiff regarding this issue.

4. On October 31, 2007 Deputy Attorney General Erika Tross issued a Notice to Plaintiff for the purpose of deposing him with respect to his claims in the above-captioned action. (D.I. 86) Plaintiff's letter to the Court dated November 2, 2007 states that he intends to "refuse to comply", and so Ms. Tross issued a subpoena for Plaintiff's deposition duces tecum. D.I. 88)

*Argument*

5. Fed.R.Civ.P. 37 provides, in relevant part:

> (a) Motion for Order Compelling Disclosure or Discovery.
> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
> An application for an order to a party shall be made to the court in which the action is pending. . . .
>
> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

6. Plaintiff failed timely to provide written discovery responses or produce documents, and so entry of an order compelling him to do so is appropriate. There can be no substantial opposition to this element of the Motion, and it should be granted. In addition, because Plaintiff has indicated he will refuse to comply with the Notice of Deposition, the Court should compel him to comply. In the event Plaintiff does not produce any responses to CMS's discovery responses, and refuses to appear and/or answer questions at deposition, this Court should dismiss the above-captioned matter with prejudice for Plaintiff's failure to comply with his obligations, and enter an order

taxing to Plaintiff the costs of this motion. It would be unjust to allow Plaintiff to continue to prosecute this action without providing any factual support and without requiring him to comply with the Rules of this Court.

Wherefore, for the foregoing reasons, Movant respectfully requests entry of an Order in the form attached hereto compelling Plaintiff to provide no later than November 20, 2007 complete responses without objection to the outstanding discovery requests, and compelling Plaintiff to appear at and to answer questions at his deposition on November 19, 2007, and dismissing this action if he fails to comply with those requirements.

**BALICK & BALICK L.L.C.**

/s/ James E. Drnec
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Correctional Medical Services, Inc.

Dated: November 6, 2007