**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HARRY T. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-624-SLR |
| v. ) | |
| ) | |
| LINDA HUNTER, ) | |
| WARDEN RAPHAEL WILLIAMS, and ) | Jury Trial Requested |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WARDEN RAPHAEL WILLIAMS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COMES NOW, State Defendant Warden Raphael Williams ("Warden Williams") by and through his undersigned counsel, and hereby moves this Honorable Court (the "Motion") to enter an order, substantially in the form attached hereto, dismissing the above-captioned matter in accordance with Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rules"), for Plaintiff's failure to participate in discovery.  In the alternative, Warden Williams moves this Honorable Court to grant him summary judgment pursuant to Federal Rule 56.  In support of the Motion, Warden Williams states as follows:

1.   Plaintiff Harry T. Collins ("Collins" or "Plaintiff") was formerly an inmate incarcerated in the prison system of the Delaware Department of Correction ("DOC").  At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at the Howard R. Young Correctional Institution ("HRYCI"). Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

- 2 -

2. On August 24, 2005, Collins filed a Complaint, which was subsequently supplemented and amended, against several defendants, including Warden Williams, alleging that the defendants violated his Eighth Amendment rights while he was incarcerated at HRYCI. (D.I. 2, 6, 26, 37, 40).

3. The defendants, including Warden Williams, filed motions to dismiss Plaintiff's Complaint. (D.I. 24, 45). In a Memorandum Opinion dated January 12, 2007, the Court granted the defendants' motions to dismiss but gave Collins leave to amend his complaint. (D.I. 55).

4. Approximately one month after the Court issued its decision, on February 16, 2007, Collins filed his Amended Complaint (the "Amended Complaint"). (D.I. 62). Warden Williams filed an Answer to the Amended Complaint on April 20, 2007. (D.I. 67).

5. On May 1, 2007, Warden Williams propounded to Collins, Defendant Warden Raphael Williams' Combined First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff (the "Discovery Requests"). (D.I. 68). In accordance with the Federal Rules, Collins' responses to the Discovery Requests were due no later than May 31, 2007. Collins did not respond to the Discovery Requests by May 31. Moreover, Collins never sought leave of the Court or Warden Williams' counsel for an extension of time to respond to the Discovery Requests.

6. By letter dated July 26, 2007, the undersigned counsel informed Collins that his responses to discovery were overdue. (Exhibit A). Counsel then requested that Collins respond to discovery by August 24, 2007. Included with the letter was a courtesy copy of the Discovery Requests.

7. On July 27, 2007, this Court issued a scheduling order in this matter setting the deadline for discovery as November 20, 2007 and requiring the submission of all summary judgment motions by December 20, 2007. (D.I. 75).

8. By August 24, 2007, Collins had again failed to respond to the Discovery Requests. Further, Collins never requested an extension of time to respond to discovery. To date, Collins has refused to respond to the Discovery Requests.

9. In an attempt to obtain pertinent facts and information regarding the case, counsel for Warden Williams sought to depose Collins pursuant to Federal Rule 30. On October 30, 2007, the undersigned counsel contacted Collins in an attempt to arrange a mutually convenient date and time for his deposition. Collins refused to voluntarily comply with the request for deposition. Thus on October 31, 2007, in accordance with Federal Rules 30 and 45, the undersigned counsel filed a notice of deposition *duces tecum* scheduling Collins' deposition for November 19, 2007. (D.I. 86). Collins was served with a copy of the notice of deposition and a subpoena to appear at the deposition. A copy of the executed subpoena was filed on November 2, 2007. (D.I. 88).

10. On November 19, 2007, the undersigned counsel, counsel for Correctional Medical Services ("CMS") and Collins appeared for the scheduled deposition. Less than 15 minutes into the deposition Collins refused to continue stating that the questions being asked were "threatening".[1] (Exhibit B - Collins Deposition at 15:2-4). The undersigned counsel made clear to Collins that if he refused to continue with the deposition the

---

[1] Collins could not offer an explanation of how he felt threatened. When asked to explain he responded, "Because you are just -- I kind of figured this out anyway." (Collins Dep. at 15:5-7). A review of the transcript shows that the undersigned counsel never threatened Collins.

defendants would seek the dismissal of his case. (Collins Dep. at 14:21-23, 15:8-10). Collins continued to refuse to answer questions and walked out.

11.  Collins' refusal to comply with discovery has stripped Warden Williams of his ability to gather all pertinent facts and information he needs to properly defend himself against the allegations in Collins' Amended Complaint. Therefore, dismissal of the case is appropriate under Federal Rule 37. In the alternative, based on the record and the statements made by Collins at the deposition, Warden Williams requests that the Court grant him summary judgment as he had no personal involvement in the allegations in the Amended Complaint and cannot be held liable solely on the basis of his supervisory responsibility.

**I.  Dismissal under Rule 37(d) is appropriate because Collins has willfully and knowingly frustrated the discovery process.**

12.  Federal Rule 37(d) provides that a Court may dismiss an action where a party refuses to cooperate in discovery. Specifically the rule states, "If a party … fails (1) to appear before the officer who is to take the deposition, … or (2) to serve answers or objections to interrogatories submitted under Rule 33, … or (3) to serve a written response to a request for inspection submitted under Rule 34, …," then the Court may, "make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule." FED. R. CIV. P. 37(d). Subparagraph (C) of subdivision (b)(2) states that a court may issue an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." FED. R. CIV. P. 37(b)(2)(C).

13.  The Advisory Committee Notes to the 1970 Amendment to Federal Rule 37(d) explain that the rule is used "generally for sanctions against parties or persons

unjustifiably resisting discovery." FED. R. CIV. P. 37 advisory committee's note (1970). Moreover this Court has held that Rule 37(d) "does not require violation of a Court order before sanctions may be imposed." *Hicks v. Feeney*, 124 F.R.D. 79, 81 (D. Del. 1987).

14.     Dismissal is an extreme sanction. But, the courts have not hesitated to dismiss a case where "a plaintiff has frustrated the purposes of discovery." *Hicks*, 124 F.R.D. at 81. In deciding whether to dismiss a case for failure to participate in discovery the Third Circuit holds that a district court should consider, "the propriety of punitive dismissals in light of the factors outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The six *Poulis* factors that a court should consider are: (a) the extent of the party's personal responsibility; (b) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (c) a history of dilatoriness; (d) whether the conduct of the party was willful or in bad faith; (e) the effectiveness of alternative sanctions; and (f) the meritoriousness of the claim. *Hicks*, 124 F.R.D. at 82 (citing *Poulis*, 747 F.2d at 868). Although the district court should consider all of the factors, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. Applying the *Poulis* factors to this case reveals that dismissal is appropriate as Collins has blatantly and unjustifiably frustrated the purposes of discovery.

15.     Collins is appearing *pro se* and thus is personally responsible for failing to comply with discovery. On two occasions, counsel for Warden Williams served Collins with the Discovery Requests. Collins, however, has never responded to the Discovery Requests. Moreover, Collins unjustifiably walked out on his deposition after less than 15 minutes of questioning and refused to answer any further questions. Such

actions completely circumvented the defendants' ability to elicit facts and information about the case.

16. Second, Warden Williams has been severely prejudiced by Collins' blatant refusal to participate in discovery. Warden Williams has not been able to gather the facts and information pertinent to this case. Thus Warden Williams is unable to adequately defend himself against the allegations in Collins' Amended Complaint.

17. Third, the record is clear that Collins has a history of dilatoriness. To date, Collins has refused to respond to Warden Williams' Discovery Requests. Moreover Collins has refused to respond to the discovery requests of CMS. (*See* D.I. 90 at ¶ 2-3). Thus the record reveals that Collins has a history of refusing to cooperate in discovery.

18. Fourth, Collins' conduct has been willful and in bad faith. Collins clearly understands the discovery process. He has issued his own discovery requests (D.I. 80), to which Warden Williams promptly responded. (D.I. 82). Despite his knowledge of the discovery process, Collins refuses to respond to Warden Williams' Discovery Requests and to the requests of CMS. Moreover, Collins walked out of his deposition fully aware that the defendants needed the deposition to elicit facts about the case and his basis for suing the defendants. (Collins Dep. at 14:12-16). Clearly Collins' refusal to participate in discovery is willful and in bad faith.

19. Dismissal is the only appropriate remedy. Collins has made clear his refusal to cooperate in the discovery process. At his deposition, Collins refused to answer questions and he stated that the facts would come out when "he get[s] [Warden Williams] in court." (*Id.* at 14:15-16). Such a statement clearly reveals that Collins will

continue to refuse to comply with discovery. As such dismissal is the only appropriate sanction.

20. Finally, Collins' claims against Warden Williams are not meritorious. Warden Williams had no personal involvement in the incidents alleged in Collins' Amended Complaint. Collins has never had a conversation with Warden Williams or "seen this man before in [his] life." (Collins Dep. at 9:1-6). Collins is suing the Warden because of his perception of the Warden's authority and responsibilities. Collins, however, cannot maintain a § 1983 action against Warden Williams solely on the basis of supervisory responsibility. *See, Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Therefore, the claims against Warden Williams are not meritorious and the case should be dismissed.

21. Collins has unjustifiably refused to participate in discovery. This refusal has rendered Warden Williams unable to effectively defend himself against the allegations in Collins' Amended Complaint. In light of the *Poulis* factors and the facts of this case, dismissal is the appropriate remedy. Therefore the Court should enter an order dismissing the case pursuant to Federal Rule 37 for Collins' refusal to participate in discovery.

## II. In the alternative, summary judgment is appropriate because the facts available reveal that Warden Williams did not play an affirmative role in the alleged deprivation of Collins' rights and Collins sued the Warden solely because of his supervisory responsibility.

22. Should the Court find that dismissal is not appropriate under Federal Rule 37, the Court should enter summary judgment in favor of Warden Williams because he had no personal involvement in the alleged deprivation of Collins' Eighth Amendment rights and Collins sued him solely because of his supervisory responsibility.

23. Federal Rule 56(c) permits a Court to grant summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To obtain summary judgment the moving party must demonstrate that he has met the standards of Rule 56(c). *Carter v. Exxon Company USA*, 177 F.3d 197, 202 (3d Cir. 1999).

24. "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding a motion for summary judgment, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252.

25. In a section 1983 action a supervisory official cannot be held liable solely under the theory of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, to establish supervisory responsibility a plaintiff must show that the defendant was the moving force behind the alleged constitutional violation. *Sample v. Diecks*, 885 F.2d 1099, 1116-17 (3d Cir. 1989). "[A] 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person' … has exhibited deliberate indifference to the plight of the person deprived." *Id.* at 1118.

26. To support a claim for a civil rights violation under § 1983, a plaintiff must also show that the accused defendant had personal involvement in the alleged wrongs. *Rode*, 845 F.2d at 1207. A plaintiff must prove that the official "played an

affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981) (Garth, J. concurring in part, dissenting in part). In addition, this Court has held that, "Grievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208). Rather to establish liability, a plaintiff must prove that a defendant personally directed, had actual knowledge of, or acquiesced in the alleged deprivation of his constitutional rights. *Rode*, 845 F.2d at 1207. Without such proof the defendant cannot be held liable. *See Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).

27.   The claims in Collins' Amended Complaint are based on the medical treatment he received while incarcerated at HRYCI and his bottom bunk status during his incarceration. (Amended Complaint at 4, "Introduction"). Collins claims he did not receive adequate medical treatment during his incarceration. Collins, however, never alleges in his Amended Complaint that Warden Williams denied him access to medical treatment or interfered with his medical care. Rather, Collins' allegations against Warden Williams are that he is "responsible for what goes on in his prison" and knew that Collins was having "problem[s] in the prison". (Amended Complaint at 1, ¶ 4-5).

28.   From his brief testimony at the deposition, Collins admits that he has never had a conversation with or even met Warden Williams. (Collins Dep. at 9:1-6). In fact he implies that the reason he sued Warden Williams is, "like the president of the United States", Warden Williams is responsible for everything that occurs at HRYCI. (*Id.* at 9:10-24). Such, reasoning, without any proof of affirmative conduct on the part of

Warden Williams in the deprivation of Collins' constitutional rights, is not a sufficient basis for liability under section 1983.

29.     Collins also claims that he wrote grievances and letters to the Warden regarding his concerns. (Amended Complaint at 1, ¶ 5) But, grievances alone are not enough to impute knowledge and liability to the Warden. *Brookins*, 402 F.Supp.2d at 512 (quoting *Rode*, 845 F.2d at 1208). Collins must show affirmative conduct on the part of the Warden in depriving him of medical treatment. The record in this case, however, is void of any proof that the Warden personally directed the alleged deprivation of Collins' Eighth Amendment rights. In fact, documents produced by Warden Williams to Collins show that he responded to Collins' concerns and directed him to the individuals who he needed to contact for help. (Exhibit C). Collins received a bottom bunk for most of his incarceration at HRYCI (*See* Exhibit D). In addition, Collins requested and received medical care and treatment.

30.     Without proof that Warden Williams played an affirmative role in the alleged deprivation of his rights Collins cannot maintain his claims against the Warden. The mere fact that the Warden is supposedly "like the president of the United States", is not sufficient to make him liable under § 1983. Therefore, a fair minded jury could not return a verdict in favor of Collins on the evidence presented and summary judgment is appropriate.

- 11 -

WHEREFORE, Warden Williams respectfully requests that this Honorable Court enter an order, substantially in the form attached hereto, dismissing Collins' Amended Complaint in accordance with Federal Rule 37, or, in the alternative, enter an order granting Warden Williams judgment as a matter of law.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for Defendant Raphael Williams

Dated:  December 6, 2007

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-624-SLR |
| v. ) | |
| ) | |
| LINDA HUNTER, ) | |
| WARDEN RAPHAEL WILLIAMS, and ) | Jury Trial Requested |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon Defendant Warden Raphael Williams' Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 37 Or, In The Alternative, Motion For Summary Judgment (the "Motion"); and it appearing that good and sufficient notice of the Motion has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The above-captioned action is **DISMISSED WITH PREJUDICE** against Warden Raphael Williams.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY T. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-624-SLR |
| v. | ) | |
| | ) | |
| LINDA HUNTER, | ) | |
| WARDEN RAPHAEL WILLIAMS, and | ) | Jury Trial Requested |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

### RULE 37(d) CERTIFICATE OF COUNSEL

The undersigned counsel hereby certifies, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, that she conferred with Plaintiff by letter dated July 26, 2007 regarding his failure to respond to the Discovery Requests. Plaintiff has refused to respond to the Discovery Requests.

                    DEPARTMENT OF JUSTICE
                    STATE OF DELAWARE

                    */s/ Erika Y. Tross*
                    Erika Y. Tross (#4506)
                    Deputy Attorney General
                    820 N. French Street, 6th Floor
                    Wilmington, DE  19801
                    (302) 577-8400
                    Attorney for Defendant Raphael Williams

Dated: December 6, 2007

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on December 6, 2007, I caused a true and correct copy of the attached *Defendant Warden Raphael Williams' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37 or, in the Alternative, Motion for Summary Judgment* to be served on the following individuals in the form and manner indicated:

**Via First Class Mail**
Harry T. Collins
211 Harding Avenue
Wilmington, DE 19804

**Via Electronic Delivery &
First Class Mail**
James E. Drnec, Esq.
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400