UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, ) | |
| ) | Case No. 05-624 (SLR) |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| LINDA HUNTER, WARDEN RAPHAEL ) | |
| WILLIAMS and CORRECTIONAL ) | |
| MEDICAL SYSTEMS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S[1] NOTICE OF JOINDER AND SUPPLEMENT TO MOTION TO COMPEL OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel, hereby joins in adopts and incorporates herein by reference all arguments set forth in Defendant Warden Raphael Williams' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37 or, in the Alternative, Motion for Summary Judgment (D.I. 91), and supplements its own Motion to Compel or, in the Alternative, for Summary Judgment (D.I. 90) and states as follows:

*Facts*

1. On November 6, CMS filed its Motion to Compel or, in the Alternative, for Summary Judgment seeking to compel Plaintiff to provide responses to discovery requests no later than November 20, 2007 and to attend and participate in his deposition on November 19, 2007. (D.I. 90) As set forth in that Motion, Plaintiff had failed timely to provide discovery responses and had indicated his intention not to appear at his deposition on November 19, 2007. Based on that

---

[1] Incorrectly named in this suit as "Correctional Medical Systems".

indication, Deputy Attorney General Tross issued a subpoena for the Plaintiff's appearance. (D.I. 88) The deadline to take discovery in this case was November 19, 2007. (D.I. 75)

2.     Plaintiff did appear at his deposition, but left abruptly after approximately 15 minutes of questioning by counsel for Warden Williams, Ms. Tross. During those 15 minutes, Plaintiff gave no testimony against CMS. Deposition Transcript, Exhibit "A". Counsel for CMS was not able to ask any questions of Plaintiff. *Id.*

*Argument*

3.     There are two grounds upon which the Court can, and should, dismiss Plaintiff's claims. First, Plaintiff willfully failed to comply with the subpoena issued by Deputy Attorney General Tross, which subjects him to the sanctions of Rule 37(b)(2)(A), (B), or (C), including an order refusing to allow Plaintiff to support claims, an order striking out Plaintiff's pleadings or parts thereof, or dismissing Plaintiff's action altogether. Second, the discovery deadline passed on November 19. The parties should, therefore, be precluded from introducing any further evidence (other than newly-discovered evidence which, even through the exercise of due diligence, was previously undiscoverable). To the extent that Plaintiff is left with only the bald assertions of his Complaint, he cannot sustain his claim against CMS and it should be dismissed with prejudice. *See Davis v. West Center City Neighborhood Planning Advisory Committee*, 2003 WL 908885 (Del. Super. March 7, 2003) (Exhibit "B") *aff'd,* 836 A.2d 513 (Del. 2003). In *Davis*, the *pro se* plaintiff refused to answer questions at deposition in support of his claim against one party, and failed to appear for a second re-noticed deposition. He also failed to provide deposition testimony from a witness to support his claims against another party. The court dismissed both those claims, finding that where plaintiff provided no evidence in support of his claims "other

than his own bald assertions", entry of summary judgment was appropriate. Exhibit B at *2.  The Delaware Supreme Court affirmed.

Wherefore, for the foregoing reasons, Defendant Correctional Medical Services, Inc. respectfully requests entry of an order in the form attached hereto dismissing with prejudice Plaintiff's claims against it.

**BALICK & BALICK L.L.C.**


/s/ James E. Drnec
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Correctional Medical Services, Inc.

Dated:  December 7, 2007