# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY T. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-624-SLR |
| v. | ) | |
| | ) | |
| LINDA HUNTER, | ) | |
| WARDEN RAPHAEL WILLIAMS, and | ) | Jury Trial Requested |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT RAPHAEL WILLIAMS'S
### RESPONSE IN OPPOSITION TO PLAINTIFF'S
### SECOND MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 96]

COMES NOW, State Defendant Raphael Williams ("State Defendant Williams") by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Second Motion for Appointment of Counsel (the "Second Motion to Appoint") (D.I. 96). In support of the Response, State Defendant Williams states as follows:

1. Plaintiff Harry T. Collins ("Collins" or "Plaintiff") was formerly an inmate incarcerated in the prisons of the Delaware Department of Correction. At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On August 24, 2005, Collins filed a Complaint, which was subsequently supplemented and amended, against several Defendants, including State Defendant

Williams, alleging that the Defendants violated his Eighth Amendment rights while he was incarcerated at HRYCI. (D.I. 2, 6, 26, 37, 40).

3. The Defendants, including State Defendant Williams, filed motions to dismiss Plaintiff's Complaint. (D.I. 24, 45). In a Memorandum Opinion dated January 12, 2007, the Court granted the Defendants' motions to dismiss but gave the Plaintiff leave to amend his complaint. (D.I. 55). Approximately one month later, on February 16, 2007, Plaintiff filed his Amended Complaint. (D.I. 62). State Defendant Williams filed an Answer to the Amended Complaint on April 20, 2007. (D.I. 67).

4. On May 21, 2007, Collins filed his first motion requesting appointment of counsel (D.I. 69). State Defendant Williams filed a response in opposition to the first motion requesting appointment of counsel on May 30, 2007, asserting that Collins had failed to provide sufficient legal justification for why he required counsel. (D.I. 70). On October 16, 2007, the Court denied Plaintiff's first request for counsel finding, in part, that, "the various papers and pleadings submitted by plaintiff demonstrate an ability to coherently present his claims and requests for relief." (D.I. 85 at ¶ 3). The Court went on to state that Collins' request for counsel was denied without prejudice until "after the court's resolution of any motions for summary judgment." (*Id.*).

5. The Court entered a scheduling order in the matter on July 27, 2007. (D.I. 75). In accordance with the Scheduling Order the parties were to complete discovery by November 20, 2007. Further, case dispositive motions were due by December 20, 2007. The parties entered into discovery and the deposition of Collins was set for November 19, 2007. Although Collins attended the deposition, less than 15 minutes into the deposition he refused to continue stating that the questions being asked were "threatening."

6. On November 6, 2007, Defendant Correctional Medical Systems filed a Motion to Compel or, in the Alternative, for Summary Judgment. (D.I. 90). One month later, on December 6, 2007, State Defendant Williams filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37 or, in the Alternative, Motion for Summary Judgment. (D.I. 91). Defendant CMS joined in State Defendant Williams's Motion for Summary Judgment and filed a supplement to its own Motion for Summary Judgment on December 7, 2007. (D.I. 92). In accordance with the Scheduling Order entered in this matter, Collins's responses to both Motions for Summary Judgment were due on January 8, 2008. (D.I. 75). Collins did not file a response on that date.

7. By letter dated February 28, 2008 and filed March 10, 2008, Collins admitted that he was aware that he was required to file "something" on January 8, 2008 but that he had "no ideal [sic] what that is, …." (D.I. 96). Collins went on to state that, "considering the fact that I'm not a lawyer …, it's hard for me to follow through with and understand some of the things that I'm required by law to do and I have no one to turn to, to ask questions about how to accomplish these matters …." (*Id.*). Then, despite the Court's order that it would not consider another request for appointment of counsel until after decision on motions for summary judgment, Collins asked the Court to appoint him counsel. The Court has construed the letter as Collins' second request for appointment of counsel. Because Collins does not satisfy the factors for appointment of counsel, the Court should deny the Second Motion to Appoint.

8. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the

court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

9. In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id*. (citing *Tabron*, 6 F.3d at 155-56, 157 n.5) (hereinafter, the "*Tabron* factors").

10. In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458.

11. State Defendant Williams contends that Plaintiff's claims have no merit. As indicated in State Defendant Williams's Motion for Summary Judgment, Collins sued the former Warden solely because of his supervisory responsibilities. Supervisory responsibility is not a valid basis for liability in an action, like this one, filed under

section 1983.  Further, State Defendant Williams had no personal involvement in Collins's medical issues.  Therefore he cannot be held liable for Collins's claims.  Clearly Collins's claims against State Defendant Williams lack merit and the Court should not appoint him counsel.

12.    In addition to his claims lacking merit, the *Tabron* factors also weigh against the appointment of counsel for Collins.  First, Collins has demonstrated an ability to present his case.  Collins has proceeded *pro se* in this litigation for over two years.  During that time he has filed several pleadings and numerous other documents, including his responses to the Defendants' motions to dismiss.  As stated by this Court in denying Collins' first request for counsel, "the various papers and pleadings submitted by plaintiff demonstrate an ability to coherently present his claims and requests for relief."  (D.I. 85 at ¶ 3).  Therefore Collins does not need counsel to effectively present his claims.

13.    Second, the issues in this matter are not complex.  Plaintiff contends that the Defendants were deliberately indifferent to his medical needs.  The medical care Plaintiff received is not a complicated matter and is evident by his medical records and his personal knowledge.

14.    Third, although factual investigation is necessary to a limited extent, most of the facts are within the Plaintiff's knowledge.  Collins is fully aware of the medical treatment he received while at HRYCI and the information he does not remember or possess is available through his medical records.  Collins has had the opportunity to conduct discovery in this case and has issued discovery requests.  (D.I. 80).  State Defendant Williams responded to Collins's requests and provided him with approximately 160 pages of documents.  (D.I. 82 – 84).

15. Finally, expert testimony does not appear necessary at this time.

16. In light of the foregoing, the *Tabron* factors clearly weigh against the appointment of counsel at this time.

17. In addition to the *Tabron* factors weighing against the appointment of counsel, this Court has expressly stated that it will not consider Plaintiff's additional requests for counsel until after its decision on case dispositive motions. (D.I. 85). Given that the Court has not yet decided the Defendants' Motions for Summary Judgment, the Second Motion to Appoint should be denied.

WHEREFORE, State Defendant Williams respectfully requests that this Honorable Court deny Plaintiff's Second Motion for Appointment of Counsel.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
    Attorney for State Defendant
    Raphael Williams

Dated: March 24, 2008

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 24, 2008, I caused a true and correct copy of the attached *State Defendant Raphael Williams's Response in Opposition to Plaintiff's Second Motion for Appointment of Counsel [Re: D.I. 96]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Harry T. Collins
211 Harding Avenue
Wilmington, DE 19804

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

> */s/ Erika Y. Tross*
> Erika Y. Tross (#4506)
> Deputy Attorney General
> Delaware Department of Justice
> Carvel State Office Building
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> 302-577-8400